### Easton v. Aetna Life and Casualty Insurance Company

*Richard L. Kearns,* for plaintiffs.
*Thomas J. Williams,* for defendant.

SHUGHART, *P.J.,* December 5, 1980—Plaintiffs filed a complaint in assumpsit on January 29, 1980 alleging that defendant breached a contract of No-

fault Automobile Insurance and violated the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq. (hereinafter No-fault Act). Specifically, it is alleged that on May 8, 1978 Evelyn Easton was involved in an automobile accident as a result of which she sustained serious and permanent injuries. At the time of the accident Evelyn Easton was covered by a no-fault insurance policy issued by defendant. Because of the injuries she sustained, Evelyn Easton is, and has been, unable to perform ordinary and necessary services in the Easton household. Consequently, the Eastons obtained replacement services at a cost of $25 per day. The services commenced on May 16, 1978 and have continued one day per week to date.

Defendant paid for 52 days of replacement services which were performed over the course of the first year and then ceased making payments. Plaintiffs brought this action seeking to recover payment for replacement services performed after the first year and for replacement services continuing into the future until such time when a total of 365 days of replacement services have been paid.

Defendant filed a preliminary objection in the nature of a demurrer contending that under the policy of insurance and the No-fault Act plaintiffs are only entitled to payment for replacement services for a period of one year. Plaintiffs, on the other hand, contend that they are entitled to recover for a total of 365 days of replacement services. In making their arguments, both parties have relied on the language of the No-fault Act contained in 40 P.S. § 1009.202(c). This section provides: "(c) Replacement services losses.—Replacement services loss, as defined in section 103 shall be provided up

to a daily maximum of twenty-five dollars ($25) *for an aggregate period of one year*." (Emphasis supplied.) Because the policy provides that replacement service benefits will be paid in accordance with the No-fault Act, the sole question for our resolution is what the legislature intended by the phrase "for an aggregate period of one year."

It is defendant's contention that this language means that they pay for services performed within one calendar year, 365 consecutive days. Plaintiffs contend that the language means that they are entitled to 365 days of services even though the services extend beyond one year. We have not been cited to any cases construing the language in question, nor has our research revealed any. The question is apparently one of first impression in our Commonwealth.

From the outset it must be recognized that language in a statute cannot be presumed to be mere surplusage: Daly v. Hemphill, 411 Pa. 263, 191 A. 2d 835 (1963); Com. v. Hill, 236 Pa. Superior Ct. 572, 346 A. 2d 314 (1975), aff'd in part 481 Pa. 37, 391 A. 2d 1303 (1978). Accordingly, proper construction of 40 P.S. § 1009.202(c) demands that the word "aggregate" be given meaning. Webster's New Twentieth Century Dictionary (2d ed.) defines the adjective aggregate as, "formed into a whole, mass, or sum; united; combined; total; as, the aggregate amount of charges." In this statute, aggregate modifies the word period, not the word year. Accordingly, the statute does not contemplate a total of 365 days, but rather, it is intended to mean that an aggregate period of daily benefits will be provided over the course of one calendar year. That is, if 100 days of replacement services are required

over the course of one year that is what will be paid. On the other hand, if 52 days of services are required, as in the case at bar, then the insurer will pay for 52 days of services. It is the daily benefits which are to be combined, not the number of days in a year.

To construe 40 P.S. § 1009.202(c) as plaintiffs request is not reasonable. If plaintiffs' argument is accepted, it would mean that one who required replacement services one day per month would be entitled to said services for over 30 years. In such a case the insurer would either be required to keep the claim open for the full 30 years or settle with the insured for a specific dollar amount risking the possibility that the insured would need the services for three years instead of 30. Surely the legislature did not intend such a result.

Moreover, had the legislature intended that an insurer would be required to pay for 365 days of services it would have been a simple task for the legislature to clearly say so. In the absence of a clear expression to the contrary, we are admonished by the Statutory Construction Act that when the term year is used in a statute it is to be construed to mean one calendar year. See section 1991 of the Statutory Construction Act of 1972, as amended, 1 Pa.C.S.A. § 1991. Since we are unable to conclude that the legislature intended otherwise, the Statutory Construction Act must be followed, and it must be concluded that section 202(c) of the No-fault Act, 40 P.S. § 1009.202(c), speaks only in terms of one calendar year.

It is apparent that this section of the No-fault Act was intended to provide the insured with needed domestic services while recovering from injuries

sustained in an automobile accident. It is not realistic to conclude, however, that this section was intended to provide one with domestic help for life. Consequently, it must be concluded that 40 P.S. § 1009.202(c) provides for the payment of replacement services provided over the course of one calendar year. Defendant's demurrer must be sustained.

Our decision may at first glance appear harsh in that our construction of 40 P.S. § 1009.202(c) limits the insurer's responsibility for the payment of replacement services to one calendar year; however, neither our decision nor the No-fault Act precludes an injured party from bringing an action against a tortfeasor if the injuries which resulted in the need for replacement services were caused by the negligence of another motorist and the coverage provided by the No-fault Act is insufficient. Section 301(a)(4) of the No-fault Act, 40 P.S. § 1009.301(a)(4), specifically provides that tort liability is not abolished "for loss which is not compensated because of any limitation in accordance with section 202 . . . (c)* . . . of this act."

## ORDER

And now, December 5, 1980, for the reasons appearing in the opinion filed this date, the defendant's preliminary objection in the nature of a demurrer be and is hereby sustained and the complaint entered to 338 Civil 1980 is dismissed.

---

*40 P.S. § 1009.202(c)