**Samuel M. McKendree, Plaintiff-Appellant, v. Robert W. Christy et al., Defendants-Appellees.**

**Gen. No. 10,316.**

Third District.

February 21, 1961.

196

Unger, Litak & Groppi, of Danville, for appellant.

Sebat, Swanson, Banks & Jones, of Danville, for appellees.

ROETH, JUSTICE.

Plaintiff filed suit against the Chief of Police and two police officers of the City of Danville to recover damages for an alleged false arrest and imprisonment and for alleged malicious prosecution. The case went to trial before a jury and at the close of plaintiff's case the trial court directed a verdict in favor of the defendants and against the plaintiff. Judgment was entered on the verdict and plaintiff appeals. On oral argument before this court counsel for plaintiff indicated that the claim of malicious prosecution had been abandoned so that we are now concerned only with the question of the alleged false arrest and imprisonment.

The question presented for review is the narrow one of whether the trial court was correct in directing a verdict at the close of plaintiff's evidence. Certain fundamental rules govern our determination of the question thus presented. We are precluded from weighing the evidence or undertaking to reconcile any conflict in the evidence. We must consider all the evidence in the aspect most favorable to the plaintiff, together with all reasonable inferences to be drawn therefrom. If, when so considered, there is any evidence, standing alone and considered to be true, together with the inferences that may le-

197

gitimately be drawn therefrom, which fairly tends to support plaintiff's complaint, the trial court should not direct a verdict at the close of plaintiff's evidence. We consider the testimony only in its aspect most favorable to plaintiff. We are therefore required to examine the evidence keeping in mind the foregoing rules.

The record shows that on April 18, 1957, Officer Schutzius, while on his way home for lunch, observed plaintiff driving his car on the streets of Danville. He followed plaintiff to plaintiff's place of business where plaintiff stopped. The officer then advised plaintiff that they were going to the police station and that he was going to be booked for driving without a driver's license. Plaintiff started to show the officer a driver's license whereupon the officer said, "I don't want to see that." Officer Schutzius then radioed Officer French, who arrived in a police car. Plaintiff then drove his automobile to the police station, followed by one or both of the officers, where he was booked and directed to go upstairs to the police magistrate's office. There he was formally charged with driving without a driver's license, required to post a cash bond, entered a plea of not guilty and had his trial set for April 25, 1957. On his way out of the police station the desk sergeant asked to see his driver's license and plaintiff complied with the request. *He then left, got into his automobile and drove away.* Subsequently the charge before the police magistrate was dismissed on the motion of the city attorney. It is conceded that no warrant for plaintiff's arrest had ever been issued.

Section 657 of Chap. 38, Illinois Revised Statutes 1959, provides as follows:

"An arrest may be made by an officer or by a private person without warrant, for a criminal offense committed or attempted in his presence,

and by an officer, when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it."

The cases interpreting this section are clear in holding that where an officer makes an arrest without a warrant for an alleged crime which has not been committed in his presence, such arrest is illegal if the crime has not actually been committed, and if the arrest is followed by imprisonment the officer is liable for false imprisonment, notwithstanding he had reasonable and probable cause for believing that a crime has been committed by the person arrested; in such case the absence of malice or the presence of probable cause constitutes no defense. 19 I.L.P. False Imprisonment Sec. 5; Levin v. Costello, 214 Ill. App. 505; Wood v. Olson, 117 Ill. App. 128; Markey v. Griffin, 109 Ill. App. 212. Imprisonment is any unlawful exercise or show of force by which a person is compelled to remain where he does not wish to remain or to go where he does not wish to go. Lindquist v. Friedman's, 285 Ill. App. 71, 1 N.E.2d 529, affirmed 366 Ill. 232, 8 N.E.2d 625; Schramko v. Boston Store of Chicago, 243 Ill. App. 251. The burden of justifying the arrest falls upon the officer. 19 I.L.P. False Imprisonment Sec. 9. Defendants concede the foregoing to be the rules applicable to this case.

Defendants contend that plaintiff's own evidence shows such a justification. While not conceding that this question arises on an appeal from a directed verdict, we have examined the record and find that such contention is without merit. Plaintiff introduced a photostatic copy of his driver's license as an exhibit on the trial. It was issued September 14, 1954, and expired October 17, 1957. Attached thereto is a restriction slip, which restricts driving (1) to daylight only, (2) when corrective eye lenses are worn, and (3)

when the automobile is equipped with left outside rearview mirror. Plaintiff testified the original of the photostatic copy admitted in evidence was in his possession at the time of his arrest. This is not disputed. All of the restrictions above were being complied with at the time of the arrest. This is not disputed.

Defendant Schutzius testified when called under Sec. 60 of the Civil Practice Act by the plaintiff, that two or three days prior to the arrest, he had a conversation with a Mr. Shanks, a representative of the Secretary of State's office. When asked for the substance of the conversation he testified, "Oh, we were just more or less talking and he brought up the subject about Mr. McKendree failing his examination and suspension on his driver's license." He further testified that Mr. Shanks did not show him any official record regarding the matter and that Mr. Shanks did not request him to pick up the plaintiff. He also testified to having looked at a suspension card before making the arrest. This alleged suspension card was not produced on the trial.

Defendant French testified to answering the radio call of Officer Schutzius, to taking defendant to the police station and booking him. He had not been advised that plaintiff did not have a driver's license prior to the arrest by any one in an official capacity and had seen no record to this effect.

 We are here concerned only with the question of whether there is any evidence in the record to support the plaintiff's complaint. If there is, the case should have been submitted to the jury. The testimony of the plaintiff has hereinbefore been detailed. The statute provides that upon suspension of a driver's license the Secretary of State shall immediately notify the licensee of the suspension and require the surrender of the license to him. Sec. 6–209, Chap. 95½, Ill. Rev. Stat. 1959. In our opinion it

200

would follow that possession of a driver's license by the plaintiff, as testified to by him without dispute, is prima facie evidence of its validity and that it is in full force and effect. Further the statute provides that it is a crime (1) to display or possess any driver's license that has been suspended and (2) to fail to surrender any license that has been suspended. Sec. 6–301, Chap. 95½, Ill. Rev. Stat. 1959. In considering whether there is any evidence to support plaintiff's complaint, a presumption, therefore, is available to plaintiff that he was complying with the law and not violating it. Robinson v. Workman, 9 Ill.2d 420, 137 N.E.2d 804. Finally, there is a strong inference to be deduced, that plaintiff had a valid and subsisting driver's license at the time of his arrest, from the fact that the desk sergeant, after examining the license, permitted plaintiff to leave the police station, *get in his car and drive away.*

■ We are of the opinion that there was sufficient evidence to prima facie sustain plaintiff's complaint of false arrest and imprisonment by the defendants Schutzius and French. We have carefully examined the record and find that the defendant Chief of Police Robert W. Christy was in no way involved in the alleged false arrest and imprisonment. There is no evidence to sustain plaintiff's complaint as to him.

Accordingly the judgment of the trial court will be reversed as to the defendants Schutzius and French and remanded for a new trial. The judgment as to defendant Christy will be affirmed.

Reversed and remanded in part and affirmed in part.

CARROLL, PRESIDING JUSTICE, and REYNOLDS, JUSTICE, concur.