391 A.2d 1303
**COMMONWEALTH of Pennsylvania**
v.
**Izeor HILL and Fred Hill, Appellants.**
Supreme Court of Pennsylvania.
Argued Sept. 29, 1977.
Decided Oct. 5, 1978.

Allen N. Brunwasser, Pittsburgh, for appellants.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., C. W. Johns, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

NIX, Justice.

This appeal raises the interesting question as to whether evidence showing that appellants possessed a quantity of contraband and other paraphernalia consistent with dealing in narcotic drug traffic which would justify a conviction under section 20(d) of the former Drug Device and Cosmetic Act[1] in absence of any proof of an actual transaction. For the reasons that follow we hold that the evidence is legally insufficient to support a conviction under section 20(d).

Appellants were arrested on August 19, 1971 after Pittsburgh police obtained four warrants; three warrants were to search the automobile, house and person of Izeor Hill, and one warrant to search the person of Fred Hill for dangerous drugs "and paraphernalia to administer and package same." On the evening of August 19, 1971, the appellants were confronted outside the home of Izeor Hill and fifty-six packets of alleged contraband and a bottle were seized from Izeor Hill and from his car trunk; fifteen packets were seized from Fred Hill. A house search led to the seizure of seven measuring spoons and two brown boxes with a large amount of glassine bags. They were indicted for possession of and dealing in heroin and cocaine.

Prior to trial the petitioners filed a motion to suppress physical evidence, which motion was denied without findings

1. Drug, Device and Cosmetic Act of 1961, P.L. 1664, § 20(d), 35 P.S. § 780–20(d) (1964), *repealed,* Controlled Substance, Drug, Device and Cosmetic Act of 1972, P.L. 233, No. 64, § 43, 35 P.S. § 780–101 et seq. (1977).

of fact and conclusions of law. The petitioners were convicted as charged after a jury trial. Post-trial motions were denied, and they were sentenced to serve a term of not less than one year nor more than five years. An appeal was taken to the Superior Court, which court affirmed the convictions per Watkins, P. J. in a four-to-three decision, with Judge Hoffman, joined by Judge Cercone, filing a dissenting opinion and Judge Spaeth filing another dissenting opinion. *Commonwealth v. Hill*, 236 Pa.Super. 572, 346 A.2d 314 (1975). We granted review.[2]

Section 4(q) of the 1961 Act prohibited:

"The possession, control, dealing in, dispensing, selling, delivery, distribution, prescription, *trafficking in,* or giving of, any dangerous or narcotic drug." Drug, Device and Cosmetic Act of 1961, P.L. 1664, § 4(q), 35 P.S. § 780–4(q) (1964).

The majority of the Superior Court seized upon the phrase "trafficking in" and concluded that it was "much broader than the word 'sale' and that a person could be engaged in the trafficking of a substance without being the one who actually sells a substance." *Commonwealth v. Hill, supra,* 236 Pa.Super. at 575, 346 A.2d at 315. While this conclusion is etymologically correct, it misses the thrust of the legal questions raised in this appeal. As pointed out by Judge Hoffman in his dissent, the penalty section does not use the term "trafficking in." 35 P.S. § 780–20 (1964). Section 20(a) is an all inclusive provision which classifies the conduct prohibited in the act as a misdemeanor unless expressly provided otherwise under section (c) or (d) of the section.[3]

**2.** We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, P.L. 673, No. 223, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp. 1978–1979).

**3.** "Any person who violates any of the provisions of this act and is not subject to penalty as provided in subsections (c) and (d) of this section shall be guilty of a misdemeanor, and shall, on conviction thereof, be subject to imprisonment for not more than one year or a fine of not more than five thousand dollars ($5,000.00), or both." 35 P.S. § 780–20(a) (1964).

Under section 20(c) the prohibited possession of a narcotic drug is classified as a felony.[4] Section 20(d) punishes as a felony the selling, dispensing or the giving away of any narcotic drug in violation of the provisions of the Act.[5]

Since the challenged count of the indictment is bottomed upon section 20(d), the legal question presented is whether the evidence of "trafficking in" must establish the selling, dispensing or the giving away of narcotic drugs to sustain a conviction thereunder. To state the question is to answer it. The rules of statutory construction force us to conclude that conduct which might fall within the perimeters of "trafficking in" but not constituting selling, dispensing or giving away was not intended to be included within the provisions of section 20(d).[6] Since the legislature obviously recognized the distinction between the terms (see section 4(q)) it must be assumed that they would have used "trafficking" in section 20(d) if it was their intention to embrace the broader scope of activities under that subsection. We therefore conclude that conduct which might be embraced within the term "trafficking" but not constituting

**4.** "Any person who possesses any narcotic drugs in violation of the provisions of this act shall be guilty of a felony, and upon conviction thereof, shall be sentenced, as follows: For a first offense to pay a fine not exceeding two thousand dollars ($2,000.00) and to undergo imprisonment by separate or solitary confinement at labor of not less than two (2) years and not exceeding five (5) years." *Id.* § 780–20(c).

**5.** "Any person who sells, dispenses or gives away any narcotic drugs in violation of the provisions of this act shall be guilty of a felony, and upon conviction thereof, shall be sentenced, as follows: For a first offense, to pay a fine not exceeding five thousand dollars ($5,000.00) and to undergo imprisonment by separate or solitary confinement at labor for an indeterminate term having a minimum of five (5) years and a maximum of twenty (20) years." *Id.* § 780–20(d).

**6.** Section 20 imposes penal sanctions for violations of its provisions and therefore must be construed strictly. 1 Pa.C.S.A. § 1928(b)(1) (Supp. 1978–79). Moreover, the language of a statute must be construed according to common and approved usage, and where possible it should be interpreted in a manner so as to give effect to each and every provision of the Act. *Id.* at §§ 1903(a), 1921(a).

selling, dispensing or giving away is not punishable under section 20(d) and is therefore included within section 20(a). Accordingly, we hold that the evidence was insufficient to establish a violation under section 20(d)[7] and therefore direct that the verdict of guilt under that count of the indictment be set aside.

■ We are also of the view that justice requires a remand for resentencing. The indictment in the instant case contained two counts; one was laid under section 20(d) and the other under section 20(c). The trial judge imposed the sentence of one to five years imprisonment without reference to the counts.[8] Since the maximum did not exceed five (5) years, the present sentence can be supported under the count charging a violation of section 20(c), which has not been disturbed in this appeal. However, since the trial judge imposed the sentence under the erroneous belief that the Commonwealth had proved the more serious violation of section 20(d) as well as a violation of section 20(c), the appellants are entitled to be resentenced.

The judgment entered against appellants on the second count of the indictment is arrested, the sentence imposed under the indictment is vacated, and the cause remanded for resentencing.[9]

7. Appellee concedes that the evidence does not establish a sale, dispensing or the giving away of the drugs.

8. Section 20(c) authorized the imposition of a fine and imprisonment for a maximum of two to five years for the first offense. See n.4, supra. Section 20(d) authorized a fine and imprisonment of five to twenty years for the first offense. See n.5, supra; see also *Commonwealth v. Glover*, 397 Pa. 543, 156 A.2d 114 (1959).

9. The resentencing court's attention is called to section 39(a) of the new Controlled Substance, Drug, Device and Cosmetic Act of 1972, P.L. 233, No. 64, § 39(a), 35 P.S. § 780–139(a) (1977).