Alexander Adams, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, November 6, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Alexander Adams,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 4, 1979:

Alexander Adams has filed a petition for review challenging the decision of the Pennsylvania Board of Probation and Parole to recommit him as a convicted

parole violator. The parties have filed cross-motions for summary judgment and the issues have been submitted on briefs.

On November 25, 1969, Adams was sentenced to a prison term of two and one-half to seven years.[1] He was paroled on January 28, 1973 after he had served two and one-half years of his sentence. In October, 1973, Adams was arrested on new criminal charges for which he was sentenced to a term in county prison of three to twenty-three months in December, 1973. After serving twenty-three months in the county prison, Adams was recommitted to the state prison as a convicted parole violator. His "backtime"[2] of four and one-half years was reduced by three months and 10 days, the amount of time Adams had been confined under a Board detainer, and the maximum expiration date of his original sentence was recomputed and set at November 28, 1978.

On May 13, 1977, Adams was reparoled. He was arrested by Philadelphia authorities on July 15, 1977 on charges of sale of narcotics and was released on bail. On November 5, 1977, the Board declared Adams delinquent as of October 26, 1977 when his whereabouts became unknown to the Board.

On February 28, 1978, Adams was arrested by the Philadelphia authorities on charges of possession of a controlled substance and criminal conspiracy. A parole violation warrant charging Adams with a technical parole violation was lodged by the Board on March 16, 1978 which was four months and twenty days after the declaration of delinquency. This period was added to Adams' recomputed maximum expiration

---

[1] Effective date—July 28, 1970

Minimum date—January 28, 1973

Maximum date—January 28, 1977

[2] The amount of time remaining on his original sentence.

date of November 28, 1978 to yield a new maximum expiration date of April 18, 1979.

At a preliminary/detention hearing on March 28, 1978, Adams' counsel requested a continuance so that he could procure two additional witnesses. This request was granted and the preliminary hearing took place on April 7, 1978. On April 27, 1978, the Board received verification that Adams had been found not guilty of the charges stemming from his July 15, 1977 arrest and on May 11, 1978, the Board received verification that Adams' demurrer to the charges arising from his February 28, 1978 arrest had been sustained. On May 12, 1978, the Board took action to detain Adams as a technical parole violator. A full Board revocation hearing was held on June 8, 1978.

Adams first contends that his rights to procedural due process were violated by the Board's failure to afford him a preliminary/detention and a final revocation hearing within the time limitations set forth in the Board's regulations. This contention is without merit.

Section 71.2(3) of the Board's current regulations, which appears at 7 Pa. B. 488, provides:

> A Preliminary Hearing will be held within 15 days of either the arrest of the parolee on the Board warrant or its being lodged as a detainer at the facility where the parolee is confined.

Here, Adams was arrested on a Board warrant as a technical parole violator on March 16, 1978. The preliminary/detention hearing was scheduled for March 28, 1978 which was only 12 days after Adams' arrest. The hearing was therefore timely. Responsibility for the fact that the hearing did not actually take place until April 7, 1978 cannot be placed on the Board

since it was at the request of Adams' counsel that the continuance until April 7, 1978 was granted.

Adams' final revocation hearing, held on June 8, 1978, was also timely. Section 71.2(11) of the Board's current regulations, found at 7 Pa. B. 489, provides, in pertinent part:

> If a Violation Hearing is scheduled, it will be scheduled as promptly as possible, but not later than 120 days of the Preliminary Hearing.

Adams' preliminary hearing was held on April 7, 1978. His final revocation hearing was held 62 days later, on June 8, 1978. This was well within the time limitation set forth in the Board's regulations.

Adams next argues that the Board erred in computing the amount of commitment credit time to which he was entitled in that it failed to credit him with the twenty-three months he was incarcerated in the county prison. We do not agree. The Board properly gave Adams credit for the three months and ten days he was confined under a Board detainer as required by *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977). The Board was not required to give him credit for the twenty-three months he spent in the county prison since he was not confined there pursuant to a Board detainer but rather was serving a new sentence for his conviction of the charges stemming from his arrest in October, 1973.

Adams' final argument is that the Board erred in recomputing his recommitment as a technical parole violator. We agree. Section 21.1(b) of the Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(b) provides, in pertinent part:

(b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the Board. If he is so recommitted, he shall be given credit for the time served on parole in good standing but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences.

After the Board arrested Adams as a technical parole violator on March 16, 1978, it recomputed his maximum expiration date to be April 18, 1979. The Board arrived at this date by adding the four months and twenty days Adams was declared to be in delinquent status (from October 26, 1977 until March 16, 1978) to his previously recomputed maximum expiration date of November 28, 1978. This much of the Board's recomputation was correct. The Board erred, however, in failing to credit Adams with the time he spent on parole in good standing. It appears from the record that from May 13, 1977 until October 26, 1977, a period of five months and thirteen days, Adams was on parole in good standing. He is therefore entitled to receive credit for this time in the recomputation of his maximum expiration date. Accordingly, we enter the following

ORDER

AND Now, this 4th day of January, 1979, it is hereby ordered as follows:

530

1. With respect to Adams' challenges to the constitutionality of his recommitment, summary judgment is entered in favor of the Pennsylvania Board of Probation and Parole.

2. With respect to Adams' challenges to the failure of the Pennsylvania Board of Probation and Parole to credit him with the twenty-three months he served in the county prison on a new sentence, summary judgment is entered in favor of the Pennsylvania Board of Probation and Parole.

3. With respect to Adams' challenges to the failure of the Pennsylvania Board of Probation and Parole to credit him with the time spent on parole in good standing in its recomputation of his recommitment as a technical parole violator, summary judgment is entered in favor of Alexander Adams and the Pennsylvania Board of Probation and Parole is ordered to recompute the maximum expiration date of his sentence so to give Adams credit for that period of time from May 13, 1977 until October 26, 1977.