528 A.2d 992

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Thomas H. KEARNS.**

Superior Court of Pennsylvania.

Submitted April 6, 1987.

Filed July 21, 1987.

14

Sean K. Code, Assistant District Attorney, Pittsburgh, for Com.

Raymond J. Seals, Pittsburgh, for appellee.

Before KELLY, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence which was imposed upon appellee, Thomas Kearns, after he en-

tered a plea of guilty to two (2) counts of driving under the influence of alcohol or a controlled substance (75 Pa.C.S.A. § 3731(a)(1) and (4)). The prosecution filed a motion to modify appellant's sentence of not less than forty-eight (48) hours to six (6) months in prison with alternate housing approved at Arc House. This motion was denied, and this appeal followed. We must remand the matter for reasons herein stated.

The prosecution contends on appeal that appellee should have been sentenced to a mandatory minimum sentence of thirty (30) days in prison because appellee had been convicted previously of driving under the influence.[1] We agree.

The pertinent sections of the statute, 75 Pa.C.S.A. § 3731, reads as follows:

§ 3731. Driving under influence of alcohol or controlled substance

(a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

(2) under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as "The Controlled Substance, Drug, Device and Cosmetic Act," to a degree which renders the person incapable of safe driving;

(3) under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving; or

(4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

\* \* \* \* \* \*

1. Under 75 Pa.C.S.A. § 3731(e)(4), the prosecution has a right to an appeal:

(4) The Commonwealth has the right to appeal directly to the Superior Court any order of court which imposes a sentence for violation of this section which does not meet the requirements of this section. The Superior Court shall remand the case to the sentencing court for imposition of a sentence in accordance with the provisions of this section.

(3) The sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory penalties of this section.

\*   \*   \*   \*   \*   \*

**(e) Penalty.—**

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) *not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.*

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) not less than one year if the person has three times previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(2) Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction. (Citation omitted) (Emphasis added).

Of course, we recognize that penal statutes are to be strictly construed in favor of the defendant. 1 Pa.C.S.A. § 1928(b)(1); *Commonwealth v. Allsup,* 481 Pa. 313, 392 A.2d 1309 (1978). Additionally, we are mindful of the maxim that statutes *in pari materia* shall be construed together, if possible, as one statute. 1 Pa.C.S.A. § 1932(b); *Pennsylvania Social Service v. Pennsylvania,* 481 Pa. 81, 392 A.2d 256 (1978). More specifically, statutes or parts of

statutes are *in pari materia* when they relate to the same person or things or to the same class of persons or things. 1 Pa.C.S.A. § 1932(a). At this point, we must examine the statutory scheme of the penalties for driving under the influence.

A first offender under 75 Pa.C.S.A. § 3731 receives a minimum term of imprisonment of not less than forty-eight (48) hours. This penalty escalates for a second offender, who is defined as a person who "has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years." Id. Thus, it is clear that an enhanced penalty becomes relevant if two factors are present: (1) a defendant must have a prior conviction; and, (2) the prior conviction must have occurred within the previous seven years.

With respect to the first criteria, we note that Section 303.7 of the sentencing guidelines, 204 Pa.Code § 303.7, defines a prior conviction in the following manner:

a case in which a verdict of guilty has been entered in the record and sentence has been imposed for an offense which occurred prior to the date of the current offense, notwithstanding any appeal taken on the prior offense.

Implicit in the prior conviction concept is the notion that a defendant must have been found guilty and must have been sentenced.

■ Concomitantly, if a verdict of guilty has been rendered at the first trial but a sentence has not been imposed, a prior conviction has not yet evolved under the sentencing guidelines. Under our statutory sentencing scheme, a prior conviction is born into legal existence on the date of sentence.[2]

---

**2.** We note that this result is consistent with our rules of criminal procedure which provide that "[p]ost-verdict motions must be decided before sentencing, because the appeal lies from the final order of the trial court, which ordinarily includes sentence." Pa.Crim.P. 1123 (Commentary).

The second factor which must be examined is whether the prior conviction has occurred "within the previous seven years." 75 Pa.C.S.A. § 3731.

Although subsection (e)(1)(ii) of Section 3731 provides no modifying language regarding whether the seven year period must be measured against the date of the second offense, the date of the arrest, or some other date, another section of this same statute does shed some insight into the subject.

Section (d) provides:

**(d) Certain dispositions prohibited.**—The attorney for the Commonwealth shall not submit a charge brought under this section for Accelerated Rehabilitative Disposition if:

(1) the defendant has been found guilty of or accepted Accelerated Rehabilitative Disposition of a charge brought under this section *within seven years of the date of the current offense;*

(2) the defendant committed any other act in connection with the present offense which, in the judgment of the attorney for the Commonwealth, constitutes a violation of any of the specific offenses enumerated within section 1542 (relating to revocation of habitual offender's license); or

(3) an accident occurred in connection with the events surrounding the current offense and any person, other than the defendant, was killed or seriously injured as a result of the accident. (Emphasis added).

Thus, under section (d), a defendant is not to be admitted for Accelerated Rehabilitative Disposition (ARD) if a defendant has been found guilty of or accepted ARD "within seven years of the date of the *current* offense." Id. (Emphasis added).[3] This scheme is consistent with other

---

**3.** Our conclusion that a defendant must be sentenced in order to trigger the recidivist section is also consistent with section (d) which applies to certain provisions of the ARD program. Our Supreme Court has said that "[a]dmission to an ARD program is not a matter of right, but a privilege." *Commonwealth v. Lutz*, 508 Pa. 297, 307, 495 A.2d 928, 933 (1985).

recidivist statutes which have been enacted for the following general purpose:

Legislation authorizing the imposition of increased punishment on recidivists is directed at those who persist in criminality after having once been convicted of an offense. *It is thus generally essential that the alleged conviction shall have preceded the date of the offense for which the increased punishment is sought to be imposed.*

*Commonwealth v. Mourar*, 349 Pa.Super. 583, 589, 504 A.2d 197, 203 (1986), appeal granted, 511 Pa. 619, 515 A.2d 898 (1986) ("conviction for the (enhancing) offense [must] predate commission of the principal offense to escape the imputation of a sophistic intent.") (Citation omitted) (Emphasis added)

Generally speaking, Pennsylvania follows the majority rule which is that "prior convictions must antedate commission of the principal offense to be eligible for application as sentence enhancers." Id., 349 Pa.Superior Ct. at 588, 504 A.2d at 202.

Another statute, 42 Pa.C.S.A. § 9714, also guides us in our analysis since we may examine other recidivist statutes *in pari materia.* Section 9714(b) uses as a reference point the following formula for calculating enhanced penalties:

an offender shall be deemed to have prior convictions for crimes of violence if both of the following conditions hold:

(1) The offender was previously convicted in this Commonwealth or any other state or the District of Columbia or in any Federal court of murder, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii), arson as defined in 18 Pa.C.S. § 3301(a), kidnapping or aggravated assault in which the offender intentionally, knowingly or recklessly causes serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, an equivalent crime under the laws of the Commonwealth in effect prior to the effective date of Title 18 (relating

to crimes and offenses) or an equivalent crime in another jurisdiction. The previous conviction need not be for the same crime as the instant offense for this section to be applicable.

(2) *The previous conviction occurred within seven years of the date of the commission of the instant offense,* except that any time during which the offender was incarcerated in any penitentiary, prison or other place of detention shall not be considered in computing the relevant seven-year period. Convictions for other offenses arising from the same criminal episode as the instant offense shall not be considered previous convictions for the purpose of this section. A previous conviction shall include any conviction, whether or not litigation is pending concerning that conviction. (Emphasis added).

■ We can glean from these recidivist statutes a common thread which runs through the enhancement penalty sections; that is, a seven year period applies to prior convictions which are measured to the date of the current offense.

The appellee, Thomas Kearns, contends that we should measure the seven year period from the date of the first offense to the date of the second offense or from the date of the first conviction to the date of the second conviction. The trial court agreed with one of these theories and said that the offense to offense formula was "the only fair way to compute between crimes." Trial Court's Opinion at 3. We, however, must disagree.

Rather, a computation which measures the prior conviction to the date of the current offense is also not subject to manipulation by the court calendar because the second variable is the date of the current offense.

■ In the instant case, it is undisputed that the conviction date for the first offense was August 6, 1979, and that the second offense occurred on April 23, 1986. Because the second offense occurred within seven years of the prior

conviction, the minimum term of imprisonment required under the statute is not less than thirty (30) days in prison.

Hence, the judgment of sentence must be reversed and the matter remanded for resentencing under 75 Pa.C.S.A. § 3731 in a manner consistent with this opinion.