568 A.2d 1306

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William J. KRISTON, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1989.

Filed Jan. 24, 1990.

544

Albert M. Sardella, West Chester, for appellant.

James P. MacElree, II, Dist. Atty., West Chester, for Com., appellee.

Stuart B. Suss, Asst. Dist. Atty., West Chester, for Com., appellee.

Leonard Sosnov, Philadelphia, amicus curiae.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, ROWLEY, MONTEMURO, BECK, TAMILIA, POPOVICH and JOHNSON, JJ.

CAVANAUGH, Judge:

 The issue in this case is whether the appellant, William J. Kriston, Jr., was undergoing "imprisonment" within the meaning of 75 Pa.C.S. § 3731(e) when he participated in Chester County's electronic home monitoring program.[1]

In February, 1987, the appellant was charged with his second offense of driving under the influence of alcohol in violation of 75 Pa.C.S. § 3731, to which he entered a guilty plea. He was sentenced to a minimum mandatory term of imprisonment of thirty days to twenty-three months. On June 15, 1987, the appellant commenced serving his sentence at the Chester County Prison Farm. On June 24, 1987, without the knowledge or approval of the sentencing court, the appellant was admitted into the electronic home monitoring program and was allowed by the warden to serve the remainder of his sentence in that program. The appellant left prison and returned to his home.

---

1. 75 Pa.C.S. § 3731(e) provides in pertinent part:

 **75 Pa.C.S.A. § 3731(e) Penalty.—**

 (1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

 (ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

 Under the electronic home monitoring program, the defendant must wear an electronic device on his person which sounds an alarm if he ventures more than one hundred feet from his telephone which is integrated into the system.

In July, 1987, the appellant applied for parole and the Commonwealth opposed the motion as he had served only ten days confined in prison. Following a hearing, the court below by Gawthrop, J. denied the petition for parole and directed that the appellant serve the remaining twenty days of his sentence in prison. The appellant's petition for reconsideration was denied and he has appealed to this court.

75 Pa.C.S. § 3731(e) provides for a "minimum term of imprisonment" where the defendant has previously been convicted of driving under the influence, as in this case. The statute refers to mandatory "imprisonment". We must construe the language of the statute according to common and ordinary usage. *Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978). The ordinary meaning of "imprisonment" is the lawful confinement of an individual to a correctional or similar institution. Even where partial confinement is involved the statute provides: "In imposing a sentence involving partial confinement, the court shall specify at the time of sentencing the length of the term during which the defendant is to be partially confined, which term may not exceed the maximum term for which he could be totally confined, and whether the confinement shall commence in a correctional or other appropriate *institution*." The statute goes on to note that the "court may in its order grant the defendant the privilege of leaving the *institution* during necessary and reasonable hours for any of the following purposes: (1) To work at his employment...." 42 Pa.C.S. § 9755(a), (c). (Emphasis added).

■ Participation in the electronic home monitoring program does not constitute "imprisonment" in an institution. The court below clearly did not abuse its discretion in refusing to grant the defendant credit towards parole for the time he spent at home in the program, as he was not imprisoned during that time. It does not matter whether the warden exceeded his authority in placing the defendant in the program, or acted under a mistaken belief that the electronic home monitoring system constituted "imprison-

ment". The fact remains that the defendant was not in prison while he was at home with an electronic device attached to his person, and the statute mandates a minimum term of imprisonment for the offense of which he was convicted. Neither a court nor a warden of the prison has authority to rewrite the statute.

Our Supreme Court, in *Commonwealth v. Sojourner*, 513 Pa. 36, 43 at N. 5, 518 A.2d 1145, 1148 at N. 5 (1986), held that a mandatory minimum sentence for driving under the influence meant that "some term of *incarceration* is to be imposed even for first offenses." (Emphasis added). The court held that the trial court erred in *not* imposing a mandatory minimum sentence of imprisonment for a first-time offender. A *fortiori*, a second-time offender, as in this case, must necessarily serve the minimum sentence in prison. In *Commonwealth v. Waters*, 361 Pa.Super. 154, 522 A.2d 60 (1987), we held that § 3731(e) provided for a minimum term of imprisonment, and "the statute itself explicitly states the sentences specified are 'mandatory' ". 361 Pa.Super. at 158, 522 A.2d at 62.

In *Commonwealth v. Kearns*, 365 Pa.Super. 13, 528 A.2d 992 (1987), the defendant was convicted of driving under the influence of alcohol or a controlled substance and had a previous conviction. He was sentenced to not less than forty-eight hours to six months in prison with alternate housing at Arc House. The court below denied the Commonwealth's petition to modify the sentence to conform with the statute and we reversed, stating at 365 Pa.Super. 15, 528 A.2d 992:

> The prosecution contends that on appeal that appellee should have been sentenced to a *mandatory minimum sentence of thirty (30) days in prison* because appellee had been convicted previously of driving under the influence. We agree. (Emphasis added.)[2]

2. We also note that in our recent decision in *Commonwealth v. Conahan*, 388 Pa.Super. 369, 565 A.2d 798 (1989) we held that time served in an in-patient alcohol treatment program did not constitute service of a statutorily mandated minimum sentence of imprisonment.

The appellant's reliance on *Jacobs v. Robinson*, 49 Pa. Cmwwlth. 194, 410 A.2d 959 (1980) is misplaced. In that case, Wayne Jacobs was sentenced to imprisonment for a term of two to five years. He was inadvertently released from prison because of a clerical error in recording his sentence. When the error was discovered, a warrant for his arrest was issued based on a charge of escape. Jacobs was ultimately taken into custody and the charge of escape was dismissed. He was, however, denied credit for the time that he was at large in the community and under the supervision of the Probation Department. On appeal, the Commonwealth Court reversed and directed that he be given credit towards his sentence for the time that he was away from prison. The facts of that case are readily distinguishable. In the case before us, the appellant was sentenced to imprisonment for at least thirty days. The appellant applied for release in the electronic home monitoring program, which was granted by the warden, without the approval or knowledge of the sentencing judge. Placement in the program was not due to a clerical error, but was accomplished by the warden who had no authority to change the sentence imposed by the court. In addition, *Jacobs, supra,* did not deal with a statute which mandated imprisonment, and we may not modify a legislative enactment.[3]

The court below properly concluded that the time in the electronic home monitoring program did not constitute imprisonment, and accordingly acted within its discretion in refusing to grant parole to the appellant.

Order affirmed.

POPOVICH and BECK, JJ., file dissenting opinions.

CIRILLO, President Judge, joins dissenting opinion by POPOVICH, J.

[3] We do not necessarily agree with the decision of the Commonwealth Court in *Jacobs, supra,* and would limit its application to the narrow factual situation set forth in that case.

POPOVICH, Judge, dissenting:

Once upon a time, a man's home was his castle, but now, through the advent of electric home confinement, prison authorities have the technology to transform a man's home into his dungeon.[1] While confinement within one's home is most certainly preferable to incarceration in a jail, I am convinced that home confinement, enhanced by the imposition of stringent restraints on an offender's liberty, satisfies the definition of "imprisonment" under 75 Pa.C.S.A. § 3731 (Driving under the influence of alcohol or controlled substance).[2] Moreover, assuming *arguendo* that electronic home confinement does not constitute imprisonment, I, nevertheless, would credit appellant with the 26 days he spent on electronic home confinement and remand for a new parole hearing. See *Jacobs v. Robinson*, 49 Pa.Cmwlth. 194, 410 A.2d 959 (1980).

When appellant applied for parole, the Commonwealth opposed the motion because appellant had served only ten days in prison with the remainder of his incarceration spent

1. As prisons become increasingly overburdened, electronic home confinement programs will become increasingly popular alternatives to the expansion of existing penal facilities and the construction of new institutions. In fact, the need to employ alternate means of imprisonment has already affected the Commonwealth. Consider the following, the Pennsylvania Department of Corrections estimates that by 1993, the state penal system will have an overpopulation of between 10,897 to 12,806 inmates or, in other words, 176 percent to 190 percent of capacity. See "Jail crowding to rise faster than expected", *Harrisburg Patriot*, Volume 148, No. 278, Page 1, Col. 4, November 21, 1989. These figures do not account for the recent loss of prison beds due the much publicized prison riots in at the institution at Camp Hill, Pennsylvania.

2. 75 Pa.C.S.A. § 3731(c) **Penalty.–**
 (1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a find of not less than $300 and serve a minimum term of imprisonment of:
 (ii) not less than 30 days if the person has previously been convicted of an offense under this section of of an equivalent offense in this or other jurisdictions within the previous seven years.

at his home on electronic confinement.[3] On July 20, 1987, a hearing was held before the sentencing court regarding appellant's parole petition. The court, following its prior decision in *Commonwealth v. Anthony*, 36 Ches.Co.Rep. 72, 46 Pa.D. & C.3d 298 (1987), reasoned that electronic home confinement did not qualify as imprisonment within the meaning of 75 Pa.C.S.A. § 3731(e). Therefore, the court denied parole and directed appellant serve the remaining twenty days of his mandatory thirty day sentence in the Chester County Prison. Appellant's petition for reconsideration was denied, and he was released on bail pending the outcome of this appeal. The Majority, in affirming the decision of the court below, essentially adopted the lower court's reasoning that electronic home confinement is not "imprisonment" since "imprisonment" requires confinement to be in a "correctional or similar institution."

Pennsylvania's DUI statute provides as a penalty for two-time offenders a "minimum term of imprisonment of ... not less than 30 days ..." 75 Pa.C.S.A. § 3731(e)(1)(ii). *Black's Law Dictionary*, 5 Ed., 1979, defines "imprisonment" as follows:

> The act of putting or confining a man in prison. The restraint of a man's personal liberty; coercion exercised upon a person to prevent the free exercise of his powers of locomotion. *It is not a necessary part of the definition that the confinement should be in a place usually appropriated to that purpose;* it may be in a locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint (such as locks or bars) as by verbal compulsion and the display of available force. *Every confinement of the person is an "imprisonment" whether it be in a*

---

**3.** Under the electronic home confinement program, appellant wore a monitoring device. Another monitoring device was affixed to his telephone. If appellant ventured more than one hundred feet from his telephone, an alarm would sound at the headquarters of the private company which provides the service to the county. The company would then notify the authorities. In addition to the electronic monitoring, appellant was subject to random drug and alcohol testing and received unannounced visits from prison officials.

*prison or in a private house, or even by forcibly detaining one in the public streets.* Any unlawful exercise or show of force by which person is compelled to remain where he does not wish to be *McKendree v. Christy*, 29 Ill.App.2d 195, 172 N.E.2d 380, 381 (emphasis added).

Instantly, appellant was under "house arrest:" his whereabouts were continuously monitored electronically; he was subjected to rigorous drug testing; he submitted to unannounced visits from prison officials; and, if he ventured more than one hundred feet from his telephone, he faced the very real possibility that escape charges would be filed. Certainly, appellant's situation qualifies as "imprisonment" pursuant to *Black's* definition.[4]

Further, on prior occasions, we have found that confinement of a DUI offender in an alcohol rehabilitation center qualifies as "imprisonment" under 75 Pa.C.S.A. § 3731(e). See *Commonwealth v. Usher*, 264 Pa.Super. 435, 399 A.2d 1129 (1979) (alcohol rehabilitation); *Commonwealth v. Mallon*, 267 Pa.Super. 163, 406 A.2d 569 (1979) (alcohol rehabilitation); *Commonwealth v. Jones*, 211 Pa.Super. 366, 236 A.2d 834 (1967) (mental institution).[5] Our Supreme Court has refused to adopt a *per se* rule concerning credit for time served in a rehabilitation program while on parole. Instead, our high Court has ruled that interpreting "custody" must be done on a case by case basis, based on the extent of the

**4.** The Majority correctly states that "[w]e must construe the language of the statute according to common and ordinary usage. *Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1980)." What could be more representative of the common and ordinary legal usage of a word than the definition given in *Black's Law Dictionary*?

**5.** The Majority misconstrues the holding in *Commonwealth v. Conahan*, 388 Pa.Super. 369, 565 A.2d 798 (1989). *Conahan* does *not* hold that time served in an inpatient alcohol treatment program does not constitute service of statutorily mandated minimum sentence of imprisonment. Rather, *Conahan* holds that the trial court abused its discretion when it credited a defendant with time served *voluntarily* in a inpatient alcohol treatment facility when that hospitalization occurred *before an adjudication of guilt and imposition of sentence*. In fact, Judge Cirillo's concurring opinion recognizes that credit can be granted for time spent in a rehabilitation program after conviction and sentencing, and advocates allowing credit for time served after arrest but before conviction and sentencing.

restraints placed upon the individual's liberty. *Cox v. Com., Bd. of Probation and Parole*, 507 Pa. 614, 493 A.2d 680, 684 n. 7 (1985); see also *Commonwealth v. Cappiello*, 284 Pa.Super. 476, 426 A.2d 146 (1981) (remanded for a hearing to determine the extent of residential custody). Presently, I am convinced that appellant's liberty was restrained in an amount equal to or surpassing that of rehabilitation programs which are routinely afforded the status of "imprisonment."

The Majority determined "imprisonment" requires that the restraint of liberty must occur in an "institution," and, since appellant's home is not an "institution" *per se*, appellant was not imprisoned. For this analysis, the Majority relies on the provisions of the sentencing code, 42 Pa.C.S.A. § 9755, which require confinement in a "correctional or other appropriate institution." To be sure, appellant was not committed to an "institution" in the traditional sense. However, the simple fact that the appellant was not incarcerated in an institution with high walls, iron bars and armed guards (or white-coated orderlies, nurses and physicians) should not prevent appellant from receiving credit for time served pursuant to 42 Pa.C.S.A. § 9760. I believe that the electronic home monitoring system has in fact converted appellant's home into an "appropriate institution."

In support of its holding that appellant must serve his mandatory minimum sentence in prison, the Majority cites *Commonwealth v. Sojourner*, 513 Pa. 36, 518 A.2d 1145 (1986), for the proposition that a "second-time offender, as in this case, must necessarily serve the minimum sentence *in prison.*" (emphasis added). However, *Sojourner* does not address the issue of whether a minimum sentence must be served in what is traditionally considered a "prison." Rather, *Sojourner* holds that it is an abuse of discretion not to impose the minimum mandatory sentence; the opinion simply does not address the issue of where that sentence must be served. Instantly, there is no dispute that the sentence imposed was correct; the only question is whether the location where the sentence was served satisfies the

requirements of 75 Pa.C.S.A. § 3731. Likewise, *Commonwealth v. Kearns*, 365 Pa.Super. 13, 528 A.2d 992 (1987), addressed the question of whether the correct minimum sentence was imposed, not the question of whether the sentence was served in the proper location.[6]

Upon review, I am convinced that the stringent restraints placed upon appellant's liberty are sufficient to qualify his situation as "imprisonment," thus meriting credit for time served in electronic home confinement. In fact, I believe that the electronic home confinement program, in combination with the threat of escape charges, alters the very nature of the "home" to that of an "other appropriate institution" under 42 Pa.C.S.A. § 9755.[7]

Moreover, regardless of whether appellant was imprisoned during his home confinement, I still am convinced that he is legally entitled to credit for the time he served on electronic home confinement pursuant to *Jacobs v. Robinson*, 49 Pa.Cmwlth. 194, 410 A.2d 959 (1980).[8]

The Majority attempts to distinguish *Jacobs, supra,* on the ground that placement of appellant on electronic home confinement was "accomplished by the warden who had no authority to change the sentence imposed by the court," rather than by clerical error as occurred in *Jacobs, supra.* This is most certainly a distinction without a difference. In both cases, it was error on the part of prison officials which

---

**6.** As the author of the opinion in *Kearns*, I stated "[b]ecause the second offense occurred within seven years of the prior conviction, the minimum term of imprisonment required under the statute is not less than thirty (30) days in prison." However, recognizing the vast differences in issue presented in *Kearns* and the present case, the use of the term "prison" in *Kearns* is of little, if any, guidance.

**7.** For additional information concerning electronic home confinement, see Hurwitz, *House Arrest: A Critical Analysis of an Intermediate–Level Penal Sanction*, 135 U.Pa.L.Rev. 771 (1987), and Ball and Lilly, "The Potential Use of Home Incarceration for Drunken Drivers", *Crime & Delinquency*, Vol. 32, No. 2, 224–247 (1986).

**8.** The grant or denial of parole is a matter of the sentencing court's discretion which is subject to appellate review under the abuse of discretion standard. *Commonwealth v. Romolini*, 384 Pa.Super. 117, 557 A.2d 1073, 1077 (1989).

allowed the release of the prisoners.[9]

In *Jacobs v. Robinson, supra,* the Commonwealth Court ruled:

> [P]etitioner cannot be classified as an escapee upon his inadvertent release by prison authorities. Furthermore, a prisoner cannot be compelled to serve a sentence in installments and has a right to serve his sentence continuously. *Robinson v. Department of Justice,* 32 Pa. Cmwlth. 77, 377 A.2d 1277 (1977). Since the charge of escape upon which the warrant of arrest was issued was dismissed, we must credit the petitioner with the time he was under the supervision of the Probation Department of Philadelphia County.[4] *See Adams v. Board of Probation and Parole,* 39 Pa.Cmwlth. 524, 395 A.2d 1035 (1979).
>
> Therefore, we will grant summary judgment in petitioner's favor and order the Bureau of Corrections to recompute his sentence, crediting the time from September 14, 1977 to December 16, 1978 to the sentence imposed April 19, 1977 and made effective March 24, 1977.

---

[4] *Cf. Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (a prisoner, although released and placed on parole, was in the custody of members of the parole board.)

*Jacobs v. Robinson,* 410 A.2d at 960.

Following the Commonwealth Court's lead in *Jacobs v. Robinson, supra,* I would direct the Chester County Court of Common Pleas to credit appellant with the time he served while on electronic home confinement. Clearly, appellant's case is more compelling than that of Wayne Jacobs. Rather than benefit from a fortuitous clerical error, appellant voluntarily applied for the home confinement program upon the reasonable belief (created by assurances of prison officials) that the time spent in the program would be credited toward his sentence. While in the electronic home

**9.** Although, the Majority cites no authority for its determination that the warden was not empowered to place appellant on electronic home confinement, we will assume for the purposes of this issue only that the warden had no authority and, thus, committed error in placing appellant in the home confinement program.

confinement program, appellant was subjected to far greater supervision than Wayne Jacobs who was merely on parole. Since appellant has the same right as Wayne Jacobs to serve his sentence continuously, I conclude that it was error not to credit the appellant with the time he served on electronic home confinement under the supervision of the Chester County Prison system.[10]

Accordingly, I would reverse the decision of the lower court and remand for a new parole hearing, directing the lower court to credit appellant with the time he served in the electronic home confinement program.[11]

CIRILLO, President Judge, joins dissenting opinion by POPOVICH, J.

BECK, Judge, dissenting:

Although I agree with the majority that electronic home monitoring is not "imprisonment" as contemplated by the legislature in its enactment of 75 Pa.Cons.Stat.Ann.

**10.** We also note that the Attorney General of Pennsylvania, in an Official Opinion, has similarly concluded that a defendant who was paroled by a judge who had no jurisdiction over him because the sentence imposed had a maximum of two years or more is entitled to credit for post-release time spent on parole since he was not an escapee. See Official Opinion No. 1, Pennsylvania Bulletin, Vol. 13, No. 12 at 1104 (March 19, 1983). While Attorney General's opinions are not binding upon the court, they are entitled to great weight. *E.g.,* *McDowell v. Good Chevrolet–Cadillac, Inc.,* 397 Pa. 237, 245, 154 A.2d 497, 501 (1959).

**11.** Though not directly implicated presently, the 5th Amendment guarantee against double jeopardy would have precluded resentencing of appellant had his sentence been a flat 30 days, rather than 30 days to 23 months. However, as DUI offenders are routinely granted parole after they have served the minimum term, the practical, though not legal, effect of requiring appellant to serve twenty additional days in the county jail would be two punishments for the same offense in violation of the spirit, but not letter, of the 5th Amendment guarantee against double jeopardy. See *North Carolina v. Pearce, Simpson v. Rice,* 395 U.S. 711, 718–719, 89 S.Ct. 2072, 2076–2077, 23 L.Ed.2d 656 (1969) quoting *Ex parte Lange,* 18 Wall. 163, 173, 21 L.Ed. 872 ("If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense. And * * * there has never been any doubt of [this rule's] entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offense.").

§ 3731(e), which mandates a minimum term of imprisonment for recidivist drunk drivers, I nevertheless would find that in the instant case both case law and notions of fundamental fairness demand reversal of the lower court's decision. Therefore, I respectfully dissent.

A review of the legislative history of the sentencing provisions of the laws pertaining to drunk driving compels the conclusion that in enacting the mandatory sentencing provisions in section 3731(e) the legislature intended to impose severe penalties for repeat offenders. This was done in order to send a clear and urgent message to those who continue to drive on the Commonwealth's roadways under the influence of alcohol. Therefore, the statute provides that those convicted of drunk driving more than once in a seven year period must serve a minimum of 30 days *imprisonment.* Both the plain meaning of the statutory language and the legislative debate and reports accompanying this enactment make plain that what was contemplated was a period of confinement in a prison or similar institution. This reading is consistent with the obvious legislative intent to impose sanctions which would both punish recidivist drunk drivers and deter those inclined to indulge in this fatal behavior in the future. I would decline to reinterpret the term "imprisonment" to allow it to encompass electronic home monitoring or similar modes of "house arrest". In my view, doing so exceeds the proper bounds of judicial action and usurps the legislature's prerogative. Until such time as the legislature acts to refine the statutory definition of "imprisonment" within the terms of the drunk driving laws, I would hold that electronic home monitoring does not meet the requirements of the statute.[1]

1. This conclusion is in accord with this court's recent opinion in *Commonwealth v. Conahan,* 388 Pa.Super. 369, 565 A.2d 798 (1989), in which a panel of the court found that a defendant's voluntary, pre-sentencing participation in an inpatient alcohol treatment program does not constitute "imprisonment" entitling defendant in that case to credit for time served in such a program. The court concluded that such a voluntary, non-compulsory commitment to a treatment center would not be consistent with the clear legislative intent to punish and deter drunk drivers. The court left open the question of whether

Having stated this, however, it is also plain that the law requires us to grant this defendant credit for the time he served participating in Chester County's electronic home monitoring program. I agree with my dissenting colleague, Judge Popovich, that, under the circumstances of this case, we should reverse based on the reasoning of the Commonwealth Court's decision in *Jacobs v. Robinson*, 49 Pa. Commw. 194, 410 A.2d 959 (1980). In *Jacobs*, the Commonwealth Court concluded that a defendant must receive credit for the time spent out of prison when his inadvertent release was the product of the mistaken actions of the prison authorities. This holding was based on the principle that a defendant is entitled to serve his sentence continuously unless the interruption was caused by his own wrongdoing, i.e., an escape from imprisonment or a violation of release conditions. Since the prisoner's release in *Jacobs* was due to administrative error by the prison authorities, the Court reasoned that he could not be classified as an escapee and therefore was entitled to continue to serve his sentence with credit given for the time he was at liberty.

Appellant Kriston's case is even more compelling than that of the appellant in *Jacobs*. Here appellant was released by the warden who, first, was acting under apparent authority to do so and, second, assured appellant that the time spent in electronic home confinement would apply towards the serving of his minimum sentence. The inherent unfairness of denying appellant credit for time served under these circumstances is inescapable, whatever this court's conclusion might be regarding the propriety of electronic home confinement as "imprisonment". Surely this defendant should not have to bear the burden of the warden's overreaching, when all parties were acting in genuine, albeit mistaken, good faith. Therefore, for the foregoing reasons, I would remand this case to the lower court for a new parole hearing, directing the lower court to

court-ordered confinement to such a facility pursuant to imposition of sentence would constitute "imprisonment" under the terms of the statute.

558

include the time spent in electronic home confinement when making the parole eligibility determination.