## Commonwealth v. Smiley

*James M. Schall, district attorney,* for the commonwealth.

*Dwight C. Harvey,* for defendant.

KELLER, *P.J.,* May 24, 1990 — Andrew David Smiley was charged with one count of driving under the influence of alcohol.

On March 16, 1990, the defendant appeared for mandatory arraignment and pleaded guilty to driving under the influence. He conceded it was his second offense.

On April 10, 1990, defendant was sentenced to pay a fine of $450 and undergo imprisonment in the Bedford County Prison for a period of not less than 30 days nor more than 23 months. Defendant was also ordered to pay a CAT fund fine of $100. Upon motion of defendant, the court ordered the execution of the sentence imposed to be deferred until April 25, 1990. Defendant's motion for modification of sentence was filed April 10, 1990, and denied the same date. On April 19, 1990, we ordered a rule to issue upon the district attorney to show cause why nominal bail pending appeal should not be granted with the rule returnable May 8, 1990. It was further ordered that execution of the sentence imposed on April 10, 1990 be stayed pending the court's disposition of the within motion for bail pending appeal.

On April 27, 1990, defendant filed his notice of appeal and pursuant to Pa.R.A.P. 1925(b) was ordered on April 30, 1990 to file a statement of matters

complained of on appeal. The statement of matters complained of on appeal was filed May 3, 1990. On May 8, 1990, we entered an order directing defendant be released and continued on bail on his own recognizance pending a final determination of his appeal. The transcript of the sentencing hearing was completed and lodged May 8, 1990. This supplemental opinion is filed in support of the sentence imposed on defendant by this court.

Defendant contends this court erred in refusing to consider defendant for sentencing to an inpatient alcohol rehabilitation program, and also erred in imposing a $100 CAT fine.

We will first address defendant's contention that we erred in not sentencing him to an inpatient alcohol rehabilitation instead of the county prison.

Title 75 Pa.C.S. §3731(e) provides in pertinent part:

"(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

"(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years."

The statute refers to a mandatory minimum term of imprisonment. We must construe the language of the statute according to common and ordinary usage. The ordinary meaning of "imprisonment" is the lawful confinement of an individual to a correctional or similar institution. *Commonwealth v. Kriston,* 390 Pa. Super. 543, 568 A.2d 1306 (1990). *Commonwealth v. Kriston, supra,* held that an electronic home monitoring program does not constitute "imprisonment" in an institution. See *Com-*

*monwealth v. Sojourner,* 513 Pa. 36, 518 A.2d 1145 (1986), (mandatory minimum sentence for driving under the influence meant that some term of incarceration is to be imposed); and *Commonwealth v. Kearns,* 365 Pa. Super. 13, 528 A.2d 992 (1987), (defendant should be sentenced to a mandatory minimum sentence of 30 days in prison.)

A second-time offender, as in the case at bar, must necessarily serve the minimum sentence in prison. A review of the legislative history of the drunk driving sentencing provisions compels the conclusion that in enacting the mandatory sentencing provisions the legislature intended to impose severe penalties for repeat offenders. This was done to send a clear and urgent message to those who continue to drive while under the influence of alcohol. Therefore, the statute provides that second-time offenders must serve a minimum of 30 days' imprisonment. Both the plain meaning of the statute and the legislative debate and reports accompanying the enactment make very clear that what was contemplated was a period of confinement in a prison or similar institution. The primary purpose of the mandatory minimum sentence in section 3731(e) was to punish, not to rehabilitate. See *Commonwealth v. Kriston, supra,* (Beck, *J.,* dissenting), and *Commonwealth v. Conahan,* 388 Pa. Super. 369, 565 A.2d 798 (1989).

Defendant relies on four cases as authority for his position. The first case being *Commonwealth v. Conahan, supra,* which we not only find distinguishable but also not authority for defendant's position. *Commonwealth v. Conahan* is distinguishable in that the court was dealing with a voluntary participation in inpatient alcohol treatment programs, and not an involuntary participation. We also do not find it supports defendant's position

since the court held the time served in an inpatient program cannot be credited against the mandatory sentence imposed by the court. The majority in *Commonwealth v. Kriston, supra,* (footnote 2) noted that in its recent decision in *Commonwealth v. Conahan,* it held that time served in an inpatient alcohol treatment program did not constitute service of a statutorily mandated minimum sentence of imprisonment. In *Commonwealth v. Kriston, supra* (Beck, *J.,* dissenting) she observed the court left open the question of whether court-ordered confinement to an inpatient alcohol treatment would constitute imprisonment under the terms of the statute. The second case defendant relies on is *Commonwealth v. Williamson,* 384 Pa. Super. 646, 551 A.2d 598 (1988), and we find this reliance misplaced because this case is a memoranda and does not constitute precedent. Therefore, that case has no precedential authority. The last two cases defendant relies on are *Commonwealth v. Jones,* 211 Pa. Super. 366, 236 A.2d 834 (1967); and *Commonwealth v. Usher,* 264 Pa. Super. 435, 319 A.2d 1129 (1979). We find these cases to be distinguishable in that they do not deal with 75 Pa.C.S. §3731(e); the statutes the courts were interpreting do not use the word imprisonment but instead use the word custody. We do not find the two words to be synonymous. Therefore, we find defendant's reliance on those two cases misplaced.

In our judgment *Commonwealth v. Kriston,* and *Commonwealth v. Conahan* required us to sentence defendant to 30 days in prison and not to an inpatient alcohol program.

Defendant next contends we erred in imposing a $100 CAT fund fine because such statute is unconstitutional, and if not unconstitutional by its terms,

it does not apply to offenses occurring prior to its effective date.

A review of defendant's challenge must commence with the premise that a presumption of constitutionality attaches to any lawfully enacted legislation and will not be declared unconstitutional unless the party challenging the statute meets the burden of rebutting the presumption by a clear, palpable, and plain demonstration that the legislation is violative of a constitutional provision. *James v. Southeastern Pennsylvania Transportation Authority*, 505 Pa. 137, 477 A.2d 1302 (1984). See also, *Commonwealth v. Gamber*, 352 Pa. Super. 36, 506 A.2d 1324 (1986). The burden rests upon the party seeking to upset legislative acts on constitutional grounds. One who challenges the constitutionality of a statute bears a heavy burden. *Commonwealth v. Jones*, 374 Pa. Super. 431, 543 A.2d 548 (1988).

Defendant has produced no authority on whether the imposition of a $100 CAT fund fine on defendant is unconstitutional, and our independent research on the subject has been equally unproductive. It appears no Pennsylvania court has dealt with the constitutionality of the CAT fund, thus making this case one of first impression.

The courts have long held that it is within the province of the legislature to define criminal punishment. We submit there is an analogy to mandatory sentences in driving under the influence cases. The argument that mandatory sentences deprive a defendant of his due process rights has been rejected by the courts. Given the legitimate concerns of the legislature in preventing and punishing drunk driving, the mandatory sentencing provisions of 75 Pa.C.S. §3731 are in no way arbitrary. *Commonwealth v. Gamber, supra.*

We respectfully submit that no error was committed in sentencing defendant to 30 days in Bedford and a $100 CAT fund fine; all as mandated by the applicable laws of this commonwealth.