599 A.2d 1335

**COMMONWEALTH of Pennsylvania**

v.

**David ELLIOTT, Appellant.**

Superior Court of Pennsylvania.

Argued July 31, 1991.

Filed Nov. 7, 1991.

356

Carole Kafrissen, Philadelphia, for appellant.

Stephen B. Harris, Asst. Dist. Atty., Warrington, for the Com., appellee.

Before MONTEMURO, TAMILIA and BROSKY, JJ.

TAMILIA, Judge:

Appellant, David Elliott, takes this appeal from his summary conviction for underage drinking,[1] following a trial *de novo* before the Honorable John J. Rufe of the Court of Common Pleas of Bucks County. In this appeal, appellant raises several issues concerning the sufficiency of the evidence to find appellant guilty of underage drinking. In order. to review a claim the evidence introduced by the Commonwealth was insufficient to prove appellant's guilt beyond a reasonable doubt, we must accept all evidence and all reasonable inferences therefrom, upon which the fact finder could have based the verdict, in order to determine whether the Commonwealth's evidence was legally sufficient to support the verdict. Only where the evidence,

1. 18 Pa.C.S. § 6308.

when so viewed, is insufficient to establish guilt beyond a reasonable doubt as to the crimes charged is relief granted. *Commonwealth v. Cody*, 401 Pa.Super. 85, 584 A.2d 992 (1991).

Viewed in this light, the evidence establishes that shortly after midnight on February 10, 1990, Officer Donald Schwab of the Bensalem Township Police Department arrived at the scene of a two-car automobile accident. At that time, appellant identified himself to Officer Schwab as the driver of one of the vehicles, producing a vehicle registration and a driver's license indicating his date of birth as March 10, 1973. Officer Schwab detected the odor of an alcoholic beverage on appellant's breath and gave him a roadside prearrest breath test, which resulted in a reading of .04 per cent blood alcohol content (BAC). Appellant was taken into custody and transported to police headquarters, where, with appellant's consent, an Intoximeter 3000 breath test was administered twice to appellant, with both tests resulting in a BAC reading of .04 per cent. Following this finding, a citation was issued to appellant charging him with underage drinking. Appellant stipulated at trial to the calibration of the Intoximeter 3000 and the accuracy of the results derived therefrom.

Appellant now argues the evidence was insufficient to sustain a conviction for underage drinking because a summary offense such as underage drinking must be committed in the presence of a police officer, circumstances not present in this case. We do not agree.

The section of the Crimes Code under which appellant was charged states, in pertinent part: "A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages...." 18 Pa.C.S. § 6308.

An Act of Assembly which imposes penal sanctions for violations of its provisions must be strictly construed. 1 Pa.C.S. § 1928; *Commonwealth v. Hill*, 481 Pa.

37, 391 A.2d 1303 (1978). "However, strict construction does not require that the words of a criminal statute be given their narrowest meaning or that the legislature's evident intent be disregarded." *Commonwealth v. Gordon*, 511 Pa. 481, 487, 515 A.2d 558, 561 (1986). In attempting to ascertain the meaning of a statute we are required to consider the intent of the legislature and are permitted to examine the practical consequences of a particular interpretation. *Commonwealth v. Stewart*, 375 Pa.Super. 585, 544 A.2d 1384 (1988). We are to presume the legislature did not intend a result that is absurd or unreasonable. *Commonwealth v. Martorano*, 387 Pa.Super. 151, 563 A.2d 1229 (1989).

For his part, appellant relies upon *Commonwealth v. Pincavitch*, 206 Pa.Super. 539, 214 A.2d 280 (1965), a case which applied the precursor of section 6308, 18 P.S. § 4675.1 (repealed). In *Pincavitch*, this Court found "no authority that justifies an arrest without a warrant for a ... summary offense committed beyond the presence of the arresting officer *in the absence of a statute giving that right.*" *Id.*, 206 Pa.Superior Ct. at 544, 214 A.2d at 282 (emphasis added).[2] Subsequent to *Pincavitch*, however, the legislature enacted the following statute:

### § 8952. Primary municipal police jurisdiction

Any duly employed municipal police officer shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office anywhere within his primary jurisdiction as to:

(1) Any offense which the officer views *or otherwise has probable cause to believe* was committed within his jurisdiction.

---

**2.** Appellant's citations to *Commonwealth v. Pincavitch*, 206 Pa.Super. 539, 214 A.2d 280 (1965), and *Commonwealth v. Shillingford*, 231 Pa.Super. 407, 332 A.2d 824 (1975), are misplaced to the extent that in those cases action was instituted by arrest whereas here, after permissible investigation of DUI charges which includes conducting a breathalyzer test, a citation was issued. There was initial probable cause to take appellant into custody for DUI which is permissible without a warrant under 75 Pa.C.S. § 3731, **Driving under the influence of alcohol or controlled substance.**

*(2) Any other event that occurs within his primary jurisdiction and which reasonably requires action on the part of the police in order to preserve, protect or defend persons or property or to otherwise maintain the peace and dignity of this Commonwealth.*

42 Pa.C.S. § 8952 (emphasis added), 1982, June 15, P.L. 512, No. 141, § 4, effective in 60 days. Appellant does not dispute Bensalem Township is a municipality or that Officer Schwab was a duly employed municipal police officer. Clearly, then, *Pincavitch* offers no guidance on this issue, and instead section 8952 controls.[3] Further, it does not require any elaborate judicial interpretation of section 8952 to determine the inclusive language of the statute allows a municipal police officer to perform his duties with regard to *any* offense committed within his jurisdiction, be it a felony, misdemeanor or summary offense. This authority is not limited to offenses viewed by the officer but includes those offenses which the officer has probable cause to believe were committed within his jurisdiction. 42 Pa.C.S. § 8952(1). Were such not the case, the practical consequences would be that police officers often would be unable to issue citations for summary offenses otherwise established by the evidence at hand merely because they were called to the scene after the violations occurred. It is unquestionably the legislature's intent to establish a probable cause standard as a means of defining the bounds of police authority in arresting or citing an actor for a summary offense. The Comment to Pa.R.Crim.P. 55, **Issuance of Citation,** states:

**3.** Pennsylvania Rule of Criminal Procedure 70, Part IV. Procedures in Summary Cases When Defendant is Arrested Without Warrant, provides:

**Rule 70. Arrest Without Warrant**
When an arrest without a warrant in a summary case is authorized by law, a police officer who exhibits some sign of authority may institute proceedings by such an arrest.
Thus, whether this case originated pursuant to arrest without a warrant or citation, the sections of the Motor Vehicle Code and Criminal Code cited above permit such a proceeding. This is also supported by the Rules of Criminal Procedure cited infra.

A law enforcement officer may issue a citation based upon information that the defendant has committed a summary violation, which information may be received from a personal observation of the commission of the offense; a witness; another police officer; *investigation;* or speed-timing equipment, including radar.

(Emphasis added.) Comments to Rule 70, **Arrest Without Warrant,** provide as follows:

It is intended that these proceedings will be instituted by arrest only in exceptional circumstances such as those involving violence, or the imminent threat of violence, or those involving danger that the defendant will flee.

The Vehicle Code provides the procedures for arresting a defendant without a warrant for a summary offense under that Code.

Therefore, having made the determination Officer Schwab had the authority to cite appellant for a summary offense not committed in the officer's presence, we only need determine whether the evidence was sufficient to sustain a finding of guilt.

The Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence, so long as the inferred facts flow, beyond a reasonable doubt, from the proven facts to establish the accused's guilt or elements of the crime. *Commonwealth v. Ramos,* 392 Pa.Super. 583, 573 A.2d 1027 (1990).

Although appellant argues the Commonwealth was required to offer formal proof appellant was under the age of 21 at the time of the offense, we find no support for this position. Officer Schwab presented uncontradicted testimony that the driver's license produced by appellant at the scene of the accident indicated his date of birth as March 10, 1973, making him sixteen years of age. We agree with the trial court's finding that the "mere fact that the Commonwealth failed to present a certified copy of the defendant's birth certificate or driver's license does not mean that it has failed to meet its burden." (Slip Op., Rufe, J.,

3/26/91, p. 3.) Nothing in the record refutes the authenticity of the driver's license or the accuracy of the birthdate. When the Commonwealth presents evidence with adequate probative value to establish the truth of the matter, in the face of the denial of the adequacy of that proof, it becomes a matter for determination by the trial judge, which determination will not be overturned on appeal.

 Finally, appellant argues the trial court erred in allowing the admission into evidence of breathalyzer results, which are of no relevance to sustain a charge of underage drinking and are only admissible to prove a charge under the Vehicle Code. The Vehicle Code allows for the admission of blood alcohol tests in "any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action...." 75 Pa.C.S. § 1547(c). While appellant would have the language of section 1547 bar the admission of appellant's two .04 per cent blood alcohol tests in this case, we find section 1547 far more inclusive. We find the first conjunction "or" used in section 1547(c) to have been used as a function word to indicate an alternative. Summary proceedings, then, are differentiated from criminal proceedings in which the defendant is charged under section 3731, dealing with driving under the influence, and the words of section 1547 are not given their narrowest meaning. We believe such a construction of the language of the statute best comports with the reasonable intent of the legislature and the promotion of justice. 1 Pa.C.S. § 1928, *supra.* Thus, section 1547 authorizes the admission into evidence the results of a breathalyzer in any proceeding, summary or criminal, which in any way related to the use of alcohol. In addition, a unique aspect of this case is the fact that the appellant is a minor. 18 Pa.C.S. § 6310.4, **Restriction of operating privileges,** provides:

**(a) General rule.**—Whenever a person is convicted or is adjudicated delinquent or is admitted to any preadjudication program for a violation of section 6307 (relating to misrepresentation of age to secure liquor or malt or

brewed beverages), 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) or 6310.3 (relating to carrying a false identification card), the court, including a court not of record if it is exercising jurisdiction pursuant to 42 Pa. C.S. § 1515(a) (relating to jurisdiction and venue), shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.

**(b) Duration of suspension.**—When the department suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from the date of suspension.

(2) For a second offense, a period of one year from the date of suspension.

(3) For a third offense, and any offenses thereafter, a period of two years from the date of suspension. Any multiple sentences imposed shall be served consecutively.

Reinstatement of operating privilege shall be governed by 75 Pa.C.S. § 1545 (relating to restoration of operating privilege).

It necessarily follows that an underage drinking violation and conviction implicates the Motor Vehicle Code requiring suspension of the license, if the defendant has one, and restoration pursuant to the Code. Section 1547, therefore, clearly applies to proceedings and convictions under section 6308.

For the foregoing reasons, we find appellant's claim without merit. The Commonwealth presented sufficient evidence to sustain appellant's conviction for the summary offense of underage drinking, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Concurring and dissenting opinion by MONTEMURO, J.

MONTEMURO, Judge, concurring and dissenting:

While I have no quarrel with the majority's conclusion as to the first two issues in this case, I cannot agree that breathalyzer results are admissible into evidence. The Vehicle Code, section § 1547(c), cited in support of admissibility, may well be as inclusive as the Majority would have it, but where no violation under the Code has been charged, its provisions, however broad, are inapplicable. The majority seems to be suggesting that guilt may be proven by implication, as "it necessarily follows that an underage drinking violation and conviction implicates the Motor Vehicle Code." (Majority Opinion at 1339) If this were so, a juvenile too young to have a driver's license, or one stopped for pedestrian trespassing, and found to be in the same condition as appellant, could be tested by Intoximeter and expect to have the results used against him at trial under the aegis of the Vehicle Code. I do not believe the statute was intended to have such a lengthy reach, and therefore dissent.

Having said so much, I would also find that in the case at hand introduction of the Intoximeter evidence was harmless error, as the testimony of the arresting officer, that he smelled alcohol on appellant's breath, would, if believed, be enough to support a finding of underage drinking.