624 A.2d 171

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ernest WILLIAMS, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1993.

Filed April 29, 1993.

Stuart B. Suss, Asst. Dist. Atty., West Chester, for Com., appellant.

William A. Ehrlich, Asst. Public Defender, Wyomissing, for appellee.

Before OLSZEWSKI, TAMILIA and FORD ELLIOTT, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order entered by the Honorable Thomas G. Gavin on July 31, 1992, in the Chester County Court of Common Pleas. The trial court granted defendant Ernest Williams' ["Williams"], petition for *habeas corpus* relief because it found that the Commonwealth failed to establish a *prima facie* case against Williams. Accordingly, the charges against Williams were dismissed and he was released from custody.

Early in the evening of July 21, 1992, Officer Wilson ["Wilson"] of the East Whiteland Township police witnessed Williams purchase a six-pack of beer, get into his tractor trailer cab, drive it to a parking lot and park. The officer then continued on his patrol. Later, Wilson returned to the parking lot and witnessed Williams drink two bottles of beer. Wilson again left the area and continued on his patrol. At approximately 8:00 p.m., Wilson saw Williams driving his cab on Malin Road approaching Route 30 and stopped him. After administering an Alca Sensor test which revealed Williams' blood alcohol level to be 0.07%, Wilson arrested Williams for driving a commercial motor vehicle while under the influence of alcohol or a controlled substance, 75 Pa.C.S.A. § 3731(i). Thereafter, Williams was transported to Paoli Memorial Hos-

pital where blood was taken which again registered an alcohol content of 0.07%.

A criminal complaint was filed charging Williams with violating § 3731(i), 75 Pa.C.S.A., as well as the summary offense of operating a commercial motor vehicle with alcohol in his system in contravention of 75 Pa.C.S.A. § 1612. Following a preliminary hearing, the district magistrate found that a *prima facie* case existed for the charges. Thereafter, Williams filed a petition for writ of *habeas corpus*, challenging the magistrate's finding of a *prima facie* case. Following a stipulated fact hearing held on Williams' petition, the trial court entered the July 31st order, dismissing the charges against Williams. The Commonwealth filed this timely appeal.

On appeal, the Commonwealth presents one issue for our review: whether it established a *prima facie* case against Williams for violating 75 Pa.C.S.A. § 3731(i). Section 3731(i) states:

A person shall not drive, operate or be in physical control of the movement of any commercial vehicle while:

(1) under the influence of alcohol;

(2) under the influence of any controlled substance as defined in section 1603 (relating to definitions);

(3) under the combined influence of alcohol and any controlled substance; or

(4) the amount of alcohol by weight in the person's blood is 0.04% or more.

75 Pa.C.S.A. § 3731(i). Because Williams was driving his tractor trailer cab with a blood alcohol content level of .07%, the district magistrate found that the Commonwealth established a *prima facie* case for a § 3731(i)(4) violation. The trial court, however, found that Williams' tractor trailer cab did not come within the purview of the statute and therefore granted Williams' petition. We disagree.

■ The title of § 3731(i) refers to driving a commercial *motor* vehicle. The text of the statute, however, only refers to driving a commercial vehicle. While the legislature defined "commercial motor vehicle," they did not define "commercial

vehicle." Therefore, we are presented with a question of statutory construction. Specifically, we must determine the intended meaning of "commercial vehicle," and whether Williams' tractor trailer cab falls within that meaning.

Section 3731 is a penal statute. The standards which we are to employ in this situation are well-settled.

> An Act of Assembly which imposes penal sanctions for violation of its provisions must be strictly construed. 1 Pa.C.S. § 1928; *Commonwealth v. Hill,* 481 Pa. 37, 391 A.2d 1303 (1978). "However, strict construction does not require that the words of a criminal statute be given their narrowest meaning or that the legislature's evident intent be disregarded." *Commonwealth v. Gordon,* 511 Pa. 481, 486–88, 515 A.2d 558, 561 (1986). In attempting to ascertain the meaning of the statute, we are required to consider the intent of the legislature and are permitted to examine the practical consequences of a particular interpretation. *Commonwealth v. Stewart,* 375 Pa.Super. 585, 544 A.2d 1384 (1988). We are to presume the legislature did not intend a result that is absurd or unreasonable. *Commonwealth v. Martorano,* 387 Pa.Super. 151, 563 A.2d 1229 (1989).

*Commonwealth v. Nernberg,* 402 Pa.Super. 411, 413, 587 A.2d 317, 318 (1991). We find that to give commercial vehicle any other meaning than commercial *motor* vehicle, as defined by the legislature, would disregard the legislature's intent and would work an absurd result.

The Commonwealth argues that the legislature intended "commercial vehicle" to have the same meaning as that of commercial motor vehicle because: (1) the statute preceding 75 Pa.C.S.A. § 3731(i) used the term commercial vehicle and defined it virtually the same way as commercial motor vehicle and (2) the title of the section uses the term commercial motor vehicle. We agree. Section 1921(c)(5) of the Statutory Construction Act, 1 Pa.C.S.A., provides that we may consider former laws on similar subjects in ascertaining legislative intent. We can also use section headings as an aid in construction. 1 Pa.C.S.A. § 1924.

In Chapter 16 of the Vehicles Code, Commercial Drivers, the legislature defines the term commercial motor vehicle.

"Commercial Motor Vehicle." A motor vehicle designed or used to transport passengers or property:

(1) if the vehicle has a gross vehicle weight rating of 26,001 or more pounds or such lesser rating as the department shall adopt under the provisions of section 6103(c) (relating to promulgation of rules and regulations by department), as determined by Federal regulation and published by the department as a notice in the Pennsylvania Bulletin;

(2) if the vehicle is designed to transport 16 or more passengers, including the driver;

(3) if the vehicle is a school bus; or

(4) if the vehicle is transporting hazardous materials and is required to be placarded in accordance with department regulations.

The term does not include an implement of husbandry, or any motor home or recreational trailer operated solely for personal use, or motorized construction equipment, including, but not limited to, motorscrapers, backhoes, motorgraders, compactors, excavators, tractors, trenchers and bulldozers.

75 Pa.C.S.A. § 1603. A virtually identical meaning was given to the statutory predecessor of § 3731(i). Section 3731.1, "Operators of commercial vehicles," prohibited commercial drivers from operating their vehicles if they had a blood alcohol content of 0.04% or greater. The former section defined commercial vehicle as:

(1) A vehicle with a gross vehicle weight rating of 26,001 or more pounds.

(2) A combination of vehicles with a gross combination weight rating of 26,001 or more pounds, including the gross vehicle weight rating of the towed unit or units.

(3) A vehicle which is designed to transport 16 or more passengers, including the driver.

(4) A vehicle which is transporting hazardous material and which is required to be placarded for hazardous materials.

75 Pa.C.S.A. § 3731.1 (repealed May 30, 1990).

The only difference between the two definitions is that § 3731.1 omits school bus and the note excluding certain vehicles. Although § 3731.1 used the term "commercial vehicle," the legislature defined it the same as "commercial motor vehicle" in § 1603. Given the similarity of the predecessor statute and § 1603, we find that the legislature intended to define commercial vehicle in § 3731(i) the same way as commercial motor vehicle in § 1603.

Moreover, the phrase commercial motor vehicle is part of the section. The section heading reads "Driving a commercial motor vehicle while under the influence of alcohol or a controlled substance." This is further evidence that the legislature intended the abbreviated term "commercial vehicle" to have the same meaning as "commercial motor vehicle."

Having decided that commercial vehicle should be defined as the legislature set out in § 1603, our inquiry is still incomplete. We must decide whether Williams' cab is a commercial motor vehicle. We find that it is.

Williams argues that the cab alone, however, is not a commercial motor vehicle because: (1) the driver often operates it in a non-commercial manner; (2) the cab, without the trailer can only engage in limited commercial activity; and (3) the cab is not as dangerous as the tractor trailer. We reject Williams' arguments.

From the definition of commercial motor vehicle, we see that the legislature's focus was not the use of the vehicle. *See* 75 Pa.C.S.A. § 1603. Its concern was the size of the vehicle and the vehicle's contents. Included in this definition are massive trucks, school buses, and vehicles which can transport more than 16 people or carry hazardous materials. *Id.* Thus, the legislature's concern was with the potential hazard that is posed from such vehicles being driven on our roadways. We therefore reject Williams' argument that we

should find that his cab was not a commercial vehicle because he was using it as a personal mode of transportation.

It is undisputed that Williams' tractor trailer had the necessary gross weight rating of more than 26,001 pounds to be considered a commercial motor vehicle. Gross vehicle weight rating is "the value specified on the Federal weight certification label by the manufacturer as the loaded weight of a single vehicle." 75 Pa.C.S.A. § 102. Thus, the legislature was not concerned with the actual weight of the tractor trailer or the cab alone. Rather, it classified as commercial motor vehicles those vehicles which manufacturers rate as potentially weighing more than 26,001 pounds. According to §§ 102 and 1603, any vehicle which, when loaded, weighs more than 26,001 pounds is a commercial motor vehicle. Since Williams' tractor trailer has a vehicle gross weight rating of over 26,001 pounds, it is a commercial motor vehicle. Whether the tractor is connected to the cab or not is irrelevant. Any other holding regarding the definition of "commercial motor vehicle" would disregard the classification system established by the General Assembly.

Such a holding would also disregard the purpose behind regulating commercial motor vehicles. Our legislature stated that the purpose of the Uniform Commercial Driver's License Act is to reduce or prevent commercial motor vehicle accidents, fatalities and injuries. 75 Pa.C.S.A. § 1602. Similarly, § 3731(i) is a legislative attempt to reduce and prevent the potentially disastrous accidents involving massive vehicles. The General Assembly prohibits the driving of any vehicle when a person's blood alcohol content is 0.10% or greater. 75 Pa.C.S.A. § 3731(a). For commercial motor vehicles, the standards are even more rigorous because of the greater danger posed by a driver operating a large vehicle while under the influence of alcohol or controlled substances. 75 Pa.C.S.A. § 3731(i).

Given the purpose of the regulation of commercial motor vehicle drivers and the classification system for commercial motor vehicles, it is obvious that the Commonwealth made out a *prima facie* case that Williams violated § 3731(i) when he

drove his tractor trailer cab with a blood alcohol level of 0.07%. Whether the trailer was attached to the tractor is irrelevant. The cab alone is still a monstrous vehicle with the potential to cause severe, and perhaps irreparable, human and property damage if part of an accident. Because of this, we can not in good faith, find that Williams did not violate § 3731(i). Thus, the Commonwealth established a *prima facie* case against Williams.

For the reasons set forth above, we reverse the trial court's order granting Williams' petition for writ of *habeas corpus.* Jurisdiction relinquished.