681 A.2d 806

**COMMONWEALTH of Pennsylvania**

v.

**Scott Alan WEBSTER, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1996.

Filed July 31, 1996.

David R. Thompson, Philipsburg, for appellant.

J. Karen Arnold, Assistant District Attorney, Bellefonte, for Commonwealth, appellee.

Before TAMILIA, JOHNSON, and MONTEMURO,* JJ.

TAMILIA, Judge:

Scott Alan Webster appeals the judgment of sentence suspending his operating privileges for ninety (90) days and imposing a $100 fine for underage drinking[1] entered May 4, 1995 following a trial de novo before the Honorable Charles C. Brown, Jr. Appellant now claims there was insufficient evidence presented to find him guilty of the offense.

█ In reviewing the sufficiency of evidence, this Court must determine whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all elements of the crime beyond a reasonable doubt. *Commonwealth v. McCullum*, 529 Pa. 117, 602 A.2d 313 (1992). This standard is equally applicable where the evidence is circumstantial as opposed to direct, provided the combination of the evidence links the accused to the crime beyond a

---

* Retired Justice assigned to the Superior Court.

1. 18 Pa.C.S. § 6308.

reasonable doubt. *Id.* Viewed in this light, the evidence establishes that around 11:15 p.m. on January 16, 1995, Pennsylvania State Trooper Michael Britton stopped a vehicle traveling in Phillipsburg, Centre County, after observing it being operated in an erratic manner. The driver was arrested for driving under the influence and Officer Britton thereafter questioned appellant, a passenger in the vehicle, as to his ability to operate the car. At that time he noticed the odor of alcohol coming from appellant's breath, appellant's red, blood-shot eyes and the fact he swayed while standing. Appellant admitted he had been drinking and explained to the trooper they recently had left the Country Garden Six–Pack, located in Clearfield County just outside Phillipsburg, where the driver had purchased Miller Lite beer in 12–ounce cans. At least one empty container of this brand of beer was found in the vehicle by the trooper. Finally, identification presented by appellant established he was 20 years of age at the time of the incident.

■ Appellant now argues the evidence presented was insufficient to find him guilty of "consumption" of an alcoholic beverage pursuant to section 6308(a) which states "[a] person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages...." Specifically, appellant claims the Commonwealth failed to prove beyond a reasonable doubt he consumed alcoholic beverages in Centre County and thus the trial court had no jurisdiction to hear the case. Appellant contends the arresting officer presented no evidence as to where the alleged consumption took place and cannot state with any degree of certainty appellant consumed alcoholic beverages in Centre County.

■ As an initial matter, we note appellant relies on *Commonwealth v. Elliott,* 8 D. & C. 4th 486 (1990), and *Commonwealth v. O'Brien,* 8 D. & C. 4th 41 (1990), to support his claim a conviction under section 6308(a) is predicated upon actual consumption and not merely upon the presence of

alcohol in the bloodstream. These cases are of no precedential value, we are not bound by the decisions, and instead we rely on applicable, controlling Pennsylvania caselaw.

It is a fundamental precept of law that " 'the court has no jurisdiction of the offense unless it occurred within the county of trial . . .' " The locus of a crime is always in issue, because the court has no jurisdiction over an offense unless it occurred within the county of trial or unless, by some statute, it need not. For a county to take jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county. Moreover, in order to base jurisdiction on an overt act, the act must have been essential to the crime, an act which is merely incidental to the crime is not sufficient. We must also look to the nature of the offense and the elements thereof to determine whether the crime was sufficiently related to the locus where the defendant is being prosecuted.

*Commonwealth v. McPhail,* 429 Pa.Super. 103, 113–14, 631 A.2d 1305, 1311 (1993) (citations omitted).

 Looking to the nature of the offense and the elements thereof, it is clear there was a sufficient relationship to Centre County. Appellant was traveling in a vehicle operated by an intoxicated driver when it was stopped approximately two to two and one-half miles inside the Centre County line. Appellant admitted drinking Miller beer which recently was purchased just across the border in Clearfield County. Appellant was visibly intoxicated and at least one empty beer can was found in the vehicle. Clearly, there was sufficient evidence presented, albeit circumstantial, that the fact-finder could conclude appellant had consumed at least part of the purchased beer in Centre County. We find this conclusion even more persuasive given the fact appellant's testimony at trial did not coincide with his present position on appeal. Rather, he testified he did not consume any alcoholic beverages that evening and further claimed the trooper lied when he testified he noticed the odor of alcohol on his breath. The fact-finder, in this case the presiding judge, is free to believe all, some or none of the evidence presented and to determine the weight to

be given each witness's credibility. *Commonwealth v. Fox*, 422 Pa.Super. 224, 619 A.2d 327 (1993). Here, the judge chose to believe the testimony of the officer and determined the combination of evidence presented links appellant to the offense beyond a reasonable doubt. *McCullum, supra.* Appellant's denial of any involvement in the offenses does not serve to exculpate him on the basis of territorial jurisdiction when facts presented at trial tend to prove otherwise.

 Finally, we note, when attempting to ascertain the meaning of a statute, we are required to consider the intent of the legislature and are permitted to examine the practical consequences of a particular interpretation. *Commonwealth v. Elliott*, 410 Pa.Super. 354, 599 A.2d 1335 (1991). We are to presume the legislature did not intend a result that is absurd or unreasonable. *Id.* To limit the scope of "consumption" in section 6308 to only those situations where a police officer actually viewed the offense, as appellant argues, would lead to an absurd and unreasonable application of the statute. Specifically, for all intents and purposes, it would abolish application of this provision as the majority of evidence in these situations is circumstantial. Seldom does a police officer view first hand a minor with an alcoholic beverage in his hand, much less actually consuming the beverage from the container. Rather, the normal situation, as here, involves a visibly intoxicated minor, empty containers nearby and an admission of some sort on the part of the minor. As it has long-been held, the Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence, so long as the inferred facts flow, beyond a reasonable doubt, from the facts presented to establish appellant's guilt or the elements of the crime. Here, the Commonwealth presented sufficient evidence from which the trial judge, as finder of fact, could draw reasonable inferences appellant consumed alcoholic beverages in Centre County, which conclusion we will not disturb on appeal.

Judgment of sentence affirmed.

JOHNSON, J., concurs in the result of this Opinion.