**COMMONWEALTH of Pennsylvania**

**v.**

**Brandy Lea DIAKATOS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 13, 1998.

Filed March 20, 1998.

Stephen K. Urbanski, Kingston, for appellant.

Michael J. Barrasse, District Attorney, Scranton, for the Com., appellee.

Before KELLY and MONTEMURO *, JJ., and CIRILLO, President Judge Emeritus.

---

* Retired Justice assigned to the Superior Court.

CIRILLO, President Judge Emeritus:

Brandy Lea Diakatos appeals from the order entered in the Court of Common Pleas of Lackawanna County.[1] We affirm.

Diakatos was an exotic dancer at a "gentlemen's club" entitled La Dolce Vita in the township of Springbrook, Lackawana County. While working at the club on August 27, 1996, Diakatos was cited for knowingly exposing her complete body while performing nude and engaging in lewd behavior by touching her breasts and vaginal area in a bottle club in contravention of 18 Pa.C.S.A. § 7329.[2] Diakatos was found guilty of both summary offenses before a District Justice and was fined $300.00 per violation. Diakatos then filed a timely appeal to the Court of Common Pleas of Lackawanna County. A *de novo* trial commenced before the Honorable Carlon O'Malley. Diakatos stipulated that she had engaged in the conduct for which she was cited. Thus, the only issue to be determined was whether Diakatos could be convicted under 18 Pa.C.S.A. § 7329. Judge O'Malley concluded that section 7329 applied to Diakatos and consequently found her guilty of both charges. This appeal followed. Diakatos presents the following questions for our consideration:

1. Did the Commonwealth fail to prove each and every element of the crime charged beyond a reasonable doubt?

2. Can a performer be charged under 18 Pa.C.S.A. § 7329 for "permitting" herself to dance nude at a bottle club?

Section 7329 provides in pertinent part:

**Offense defined.**—No bottle club operator or servants, agents or employees of the same *shall knowingly permit* on premises used as a bottle club ... any lewd, immoral, or improper entertainment.

18 Pa.C.S.A. § 7329 (emphasis added).

Diakatos first contends that the Commonwealth failed to prove that she was either a servant, agent, or employee of a bottle club operator, a necessary element to secure a conviction under section 7329. Diakatos concedes she stipulated at trial that she performed lewd, immoral, or improper entertainment in a bottle club. However, she contends that she never stipulated that she was working for a bottle club operator at the time she performed these acts. After thoroughly reviewing the hearing record we conclude that Diakatos did in fact stipulate that she was an employee of the operator of a bottle club. She specifically admitted that she was an employee of Mr. Scarano, the operator of La Dolce Vita, a bottle club as defined in 18 Pa.C.S.A. § 7329. This claim, therefore, is devoid of merit. Diakatos' blatant attempt to obfuscate the facts is thoroughly insulting and an utter waste of this court's valuable time and resources.

Diakatos next claims that she cannot be convicted of violating section 7329, because she could not "permit" herself to engage in lewd behavior. The word "permit," Diakatos asserts, necessarily implies one person allowing another to engage in an activity. Because Diakatos did not allow another to perform lewd conduct, she concludes, she cannot be convicted under section 7329.

There does not exist any Pennsylvania appellate authority interpreting this section of the Crimes Code. Our task, therefore, is to ascertain whether a person can **permit** himself or herself to perform a lewd or immoral act. In so doing we are guided by various principles of statutory construction.

---

1. Although the caption reads that Diakatos is appealing from the "Order entered June 17, 1997," Diakatos is in actuality appealing from her judgment of sentence, since the trial court is required to conduct a *de novo* trial when a defendant convicted of a summary offense files a timely appeal. *See* Pa.R.Crim.P. 86, 42 Pa.C.S.A.

2. A "bottle club" is defined in 18 Pa.C.S.A. § 7329 as:

an establishment operated for profit or pecuniary gain, which has a capacity for the assemblage of 20 or more persons and in which alcoholic liquors, alcohol or malt or brewed beverages are not legally sold but where alcoholic liquors, alcohol or malt or brewed beverages are either provided by the operator or agents or employees of the operator for consumption on the premises or are brought into or kept at the establishment by the patrons or persons assembling there for use and consumption.

18 Pa.C.S.A. § 7329(c).

An Act of Assembly which imposes penal sanctions for violations of its provisions must be strictly construed. 1 Pa.C.S.A. § 1928; *Commonwealth v. Henderson,* 444 Pa.Super. 170, 663 A.2d 728 (1995). "However, strict construction does not require that the words of a criminal statute be given their narrowest meaning or that the legislature's evident intent be disregarded." *Commonwealth v. Gordon,* 511 Pa. 481, 487, 515 A.2d 558, 561 (1986). If the words of a statute are clear and unambiguous, we must not disregard the letter under the pretext of pursuing its spirit. 1 Pa.C.S.A. § 1921(b). Moreover, we must construe the words and phrases contained within a statute according to their common and approved usage. 1 Pa.C.S.A. § 1903. When interpreting a statute, it is presumed that the legislature did not intend an absurd or unreasonable result. 1 Pa. C.S.A. § 1922(1). *See Commonwealth v. Highhawk,* 455 Pa.Super. 186, 687 A.2d 1123 (1996); *Commonwealth v. Kowalek,* 436 Pa.Super. 361, 647 A.2d 948 (1994). In this regard, we "... are permitted to examine the practical consequences of a particular interpretation." *Commonwealth v. Elliott,* 410 Pa.Super. 354, 358, 599 A.2d 1335, 1337 (1991). *Accord: Commonwealth v. Williams,* 425 Pa.Super. 113, 624 A.2d 171 (1994).

The verb "to permit" is defined in Webster's Ninth New Collegiate Dictionary as follows:

**1:** to consent to expressly or formally ...
**2:** to give leave: AUTHORIZE **3:** to make possible ...

**Webster's New Collegiate Dictionary** 876 (9th ed.1987). From this definition it is apparent that "permit" not only means allowing or authorizing another to engage in an activity, but also allowing oneself to engage in an activity as well. For example, a person could *permit* his friend to eat some cookies that the person baked. That same person could *permit* himself to eat the cookies.

Because the word "permit" can be used to allow oneself to engage in an activity, we conclude that the legislature intended to apply section 7329 to Diakatos. *Gordon, supra.* In support of this conclusion we need only look to Diakatos' interpretation of the statute. Under Diakatos' theory, the person committing the lewd acts (Diakatos) cannot be punished. However, a waitress who is merely serving food or beverages during Diakatos' performance could be convicted because she, as an agent or employee of a bottle club owner, is knowingly permitting Diakatos to commit lewd or immoral behavior. *See* 18 Pa.C.S.A. § 7329. Moreover, under Diakatos' interpretation, she could not be punished while committing lewd acts but once her shift was finished and another performer's shift began, she could then be punished, since at that point she, as an employee or agent of a bottle club owner, was knowingly permitting another to commit lewd acts. *Id.* Clearly the legislature did not intend to create such a ludicrous result. 1 Pa.C.S.A. § 1922(1); *Highhawk, supra* ; *Kowalek, supra.* If we were to find the contrary, as Diakatos urges, we would in essence be condoning the very conduct that section 7329 proscribes. This we cannot in good conscience do.

The obvious aim of section 7329 is to impede the proliferation of bottle club establishments that offer lewd, improper, or immoral entertainment. *See generally* Ron Kalyan, *Regulation of Nude Dancing in Bring your Own Bottle Establishments in the Commonwealth of Pennsylvania: Are the Commonwealth's Municipalities Left to Fend for Themselves?,* 99 Dick.L.Rev. 169 (1994) (discussing the reasons for increase in popularity of "bring your own bottle" establishments that offer nude dancing). In order to effectively achieve this goal, the statute must be read to apply to the entertainers who are performing the lewd acts. *See Elliott, supra; Williams, supra.* That is, if entertainers are aware that they could be punished criminally for their actions, then they will be reluctant to engage in the proscribed activities enumerated in section 7329. Consequently, the number of bottle clubs offering lewd, improper, or immoral entertainment will decrease. Accordingly, we find that Diakatos can permit herself to perform lewd and immoral acts and thus her conviction under section 7329 must stand. Having so concluded we affirm

her judgment of sentence.[3]

Judgment of sentence affirmed.

KELLY, J., concurs in the result.

---

**3.** Diakatos also contends that this court's decision in *Commonwealth v. Tharp*, 373 Pa.Super. 285, 541 A.2d 14 (1988) has limited the interpretation of the word "permit" to mean that one cannot allow another to commit an offense. Because this court has previously interpreted this word, Diakatos continues, the legislature is presumed to have intended to give the word the same meaning in later statutes. *See Commonwealth v. Sitkin's Junk Co.*, 412 Pa. 132, 194 A.2d 199 (1963). Initially, we cannot agree that the *Tharp* decision interpreted the meaning of the word "permit." Rather, the *Tharp* decision merely interpreted 75 Pa.C.S.A. § 1575 to mean that an owner of an automobile must **know** that he or she is permitting another to drive his or her automobile in violation of the Motor Vehicle Code. In any event, we cannot agree with Diakatos' expansive interpretation of the rule espoused in *Sitkin's Junk Co*. Rather, our reading of the case limits the application of this rule to when the word appears in future versions of similarly situated statutes. It is simply unfathomable that the legislature intended to be bound by interpretations of words appearing in unrelated titles of the law when enacting new statutes. For these reasons, we conclude that this argument is meritless.