**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Paul SCOTT, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 2004.

Filed May 24, 2004.

Gerald A. Lord, York, for appellant.

Michael P. Laffey, Assistant District Attorney, for Commonwealth, appellee.

Before: JOYCE, BENDER, and KELLY, JJ.

OPINION BY JOYCE, J.:

¶ 1 Paul Scott (Appellant) appeals from the judgment of sentence entered following the revocation of his parole at trial court docket numbers 1172 CA 2000 and 5051 CA 1999. For the reasons set forth below, we affirm the judgment of sentence. The relevant facts and procedural history of this matter are as follows.

¶ 2 On April 13, 2000, Appellant entered guilty pleas to obstructing the administration of law (18 Pa.C.S.A. § 5101) and disorderly conduct (18 Pa.C.S.A. § 5503) at

---

**8.** Based on our standard of review, I would find no error in the trial court's award of attorney's fees.

5051 CA 1999. On August 28, 2000, Appellant entered guilty pleas to one count each of making terroristic threats (18 Pa.C.S.A. § 2706), ethnic intimidation (18 Pa.C.S.A. § 2710), and recklessly endangering another person (18 Pa.C.S.A. § 2705) at 1172 CA 2000. On September 25, 2000, the trial court sentenced Appellant in both cases. At 1172 CA 2000, the trial court ordered Appellant to serve concurrent sentences of 6 to 23 months' incarceration for making terroristic threats, 6 to 18 months' incarceration for ethnic intimidation, and 3 to 12 months' incarceration for recklessly endangering another person. At 5051 CA 1999, the trial court imposed concurrent sentences of 6 to 18 months' incarceration for obstructing the administration of law and 12 months' probation for the disorderly conduct charge. The sentence at 5051 CA 1999 was ordered to be served concurrently with the sentence imposed at 1172 CA 2000.

¶ 3 Appellant was released on parole on March 13, 2001, under the supervision of York County. A condition of his parole was that he was not to possess or consume any alcohol. On May 13, 2002, York County Adult Probation/Parole Officer Andrew Novak, accompanied by two other officers, conducted an unannounced field visit at Appellant's home. A 12 ounce can of beer was visible inside a car in an alley near Appellant's house, and Appellant was asked to undergo a breath analysis for the presence of alcohol. A breath analysis was conducted, and it revealed Appellant had a blood alcohol content (BAC) of .025.

¶ 4 Appellant was subsequently found to be in violation of his parole, and on July 31, 2002, the trial court ordered Appellant to serve the balance of his sentence (13 months) at case number 5051 CA 1999, and serve the balance of his sentence (18 months) at case 1172 CA 2002. The trial court, however, immediately paroled Appellant to serve the balance of the aforementioned sentences on house arrest with electronic monitoring. Appellant timely appealed, and in an order filed October 15, 2002, the trial court directed Appellant to file and serve a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b) within 14 days. On October 28, 2002, Appellant filed his 1925(b) statement with the York County Clerk of Courts, but apparently neglected to serve a copy on the trial court. When this error was discovered, Appellant served a copy on the trial court, and the trial court overlooked the untimeliness of Appellant's compliance with the October 15, 2002 order and addressed the issues Appellant raised. Accordingly, we decline to find waiver. *See Commonwealth v. Alsop,* 799 A.2d 129 (Pa.Super.2002) (declining to find waiver where trial court overlooked the untimeliness of the 1925(b) statement and addressed the issues raised therein).

■ ¶ 5 On appeal, Appellant raises one multi-faceted issue for our consideration: "whether the lower court erroneously found the Appellant consumed and possessed alcohol while under parole supervision?" Brief for Appellant, at 3 (full capitalization omitted). Specifically, Appellant alleges that there was insufficient evidence to establish a violation of his parole as there was no evidence that the breathalyzer was properly calibrated or that the results were accurate. Further, there was no evidence the device was approved by the Department of Health, there was no evidence of the test-administrator's training or ability to properly use the breathalyzer, and Appellant was not observed for twenty minutes prior to the administration of the test.[1] Finally, Appellant argues

---

1. Appellant correctly notes that these are requirements enumerated for the administra-

that there was no evidence that the car where the beer was found belonged to him, thus the Commonwealth failed to establish he possessed alcohol.

■ ¶ 6 At the outset, we note that a parole violation need only be proven by a preponderance of the evidence. *Commonwealth v. Gochenaur*, 331 Pa.Super. 187, 480 A.2d 307 (1984). Here, Officer Novak testified that the beer was discovered in a car near Appellant's property, and he believed the car belonged to Appellant. N.T. Hearing, 07/31/2002, at 8. Appellant counters that the Commonwealth never proved that the car where the beer was found belonged to him. *Id.* at 18. Nevertheless, Mr. Novak testified that this car was the same car in which Appellant had been arrested in a few years earlier. *Id.* at 8.

¶ 7 While we are underwhelmed by the evidence adduced in this case, we find that it does serve to fulfill the preponderance of the evidence standard; i.e., that the existence of this contested fact is more probable than its nonexistence. *See Commonwealth v. Del Conte*, 277 Pa.Super. 296, 419 A.2d 780 (1980). The evidence credited by the trial court showed the car had be-

longed to Appellant, it was the car in which he had been arrested a few years earlier, the car was not drivable, it was parked in an alley adjacent to Appellant's property, and the beer was found inside the car.

¶ 8 Since we conclude that Appellant possessed alcohol in violation of his parole, we need not reach the issue of the propriety of the use of the breathalyzer. However, we agree with Appellant's concern that there is no guidance on this issue from the legislature or courts. While the use of breathalyzers outside the framework of the Motor Vehicle Code is not novel (*see Commonwealth v. Elliott*, 410 Pa.Super. 354, 599 A.2d 1335 (1991)),[2] the extension of these procedures into the probation and parole arena, where the rights of the parolees/probationers are limited and the burden of proof is lower than in criminal proceedings, is a function of the legislature and not the courts. We ask that our legislative branch of government review this issue and provide some regulation on the use of BAC testing with respect to finding violations of probation and parole, especially where the results of these tests are the basis used to revoke

---

tion and use of BAC test results under the Pennsylvania Motor Vehicle Code, concerning illegal alcohol use when operating a vehicle. *See* 75 Pa.C.S.A. § 1547, 28 Pa.Code § 5.104, and 67 Pa.Code §§ 77.24—77.25.

**2.** In *Commonwealth v. Elliott, supra,* this Court held as follows:

The Vehicle Code allows for the admission of blood alcohol tests in "any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action...." 75 Pa.C.S. § 1547(c). While appellant would have the language of section 1547 bar the admission of appellant's two .04 per cent blood alcohol tests in this case, we find section 1547 far more inclusive. We find the first conjunction "or" used in section

1547(c) to have been used as a function word to indicate an alternative. Summary proceedings, then, are differentiated from criminal proceedings in which the defendant is charged under section 3731, dealing with driving under the influence, and the words of section 1547 are not given their narrowest meaning. We believe such a construction of the language of the statute best comports with the reasonable intent of the legislature and the promotion of justice. 1 Pa.C.S. § 1928, *supra.* **Thus, section 1547 authorizes the admission into evidence the results of a breathalyzer in any proceeding, summary or criminal, which in any way related to the use of alcohol.**
*Commonwealth v. Elliott,* 599 A.2d at 1339 (emphasis added).

probation or parole.[3]

¶ 9 For the reasons stated above, Appellant is entitled to no relief. The judgment of sentence is affirmed.

¶ 10 Judgment of sentence affirmed.

---

**3.** We further note that both the Commonwealth and parolees/probationers have an interest in the accuracy and regulation of BAC testing for purposes of finding violations. If a parolee/probationer is using alcohol in violation of the conditions of his/her probation or parole, the Commonwealth needs to be assured that the results of the test are correct so

that a false-negative does not weaken the grounds for finding a violation. Conversely, a parolee/probationer should never have to suffer the loss of his or her liberty due to a test result that is a false-positive.