**Commonwealth v. Gordon**

*Joseph P. McMahon, assistant district attorney,* for Commonwealth.

*Peter A. Kinsley, assistant public defender,* for defendant.

ASHWORTH, *J.,* December 15, 2008—This matter comes before the court on a motion to dismiss on behalf of defendant William Henry Gordon. The Pennsylvania State Police have charged defendant with violating 18 Pa.C.S. §4915(a)(1), the verification of residence provisions of the Registration of Sexual Offenders statute, commonly referred to as Megan's Law.[1] See 42 Pa.C.S. §§9791-9799.9. Defendant contends that this statute, by its terms, does not apply to individuals currently residing in this Commonwealth who have been convicted of offenses similar to the crimes listed in 42 Pa.C.S. §9795.1(b)

---

1. Pennsylvania first adopted Megan's Law, 42 Pa.C.S. §§9791-9799.6, on October 24, 1995 (Megan's Law I). This statute was to a significant extent ruled unconstitutional by the Pennsylvania Supreme Court in *Commonwealth v. Donald Williams,* 557 Pa. 285, 733 A.2d 593 (1999). Subsequently, on May 10, 2000, the General Assembly enacted Megan's Law II, the constitutionality of which the Supreme Court substantially upheld in *Commonwealth v. Gomer Williams,* 574 Pa. 487, 832 A.2d 962 (2003), with the exception that it found invalid the penalty provisions that attached to sexually violent predators (SVP) who failed to comply with the registration and other requirements of the act. In the wake of this invalidation in *G. Williams* of the penalty provisions that attach to noncompliant SVPs, the General Assembly once again amended Megan's Law in the Act of November 24, 2004 (Megan's Law III). In the Act of November 29, 2006 (effective January 1, 2007), the legislature further amended the statute, principally to shorten from 10 days to 48 hours the time period within which an offender, SVP or non-SVP, must notify state police of any change, inter alia, to the offender's residence, employment, or student status pursuant to 42 Pa.C.S. §§9795.2(a)(2), (a)(2.1), (b)(4), (b)(5).

(2) under the laws of another state. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

On September 12, 1997, defendant, having pleaded guilty to the felony charge of unlawful sexual penetration 3, registered as a lifetime registrant with the New Castle County, Delaware Sex Offender Registry. On July 7, 1998, a Sex Offender Registration form was docketed in the Superior Court of New Castle County, Delaware. On August 11, 1999, defendant was discharged from probation in New Castle County, and his case was closed.

From January 14, 2007 until February 16, 2007, defendant was incarcerated in Lancaster County Prison as a fugitive from justice, based on a warrant out of Delaware. Defendant was not returned to Delaware. On February 20, 2007, defendant registered with the Pennsylvania State Police Megan's Law Unit at Troop "J," Lancaster, Pennsylvania. On March 21, 2007, a Delaware warrant was issued charging defendant with knowingly or recklessly failing to register or re-register as a sexual offender or otherwise comply with the provisions of sexual registration. On July 25, 2007, the Pennsylvania State Police apprehended defendant on the outstanding warrant from Delaware.

During an interview with defendant on July 25, 2007, it was revealed that defendant had moved from his registered address of 220 Stone Mill Road, Lancaster, to 236 North Mulberry Street, Lancaster City, on May 7, 2007. Additionally, the State Police learned that defendant had been temporarily employed at Holiday Inn Express for approximately three months in the spring of

2007. Based upon this information, on August 6, 2007, Trooper Phillip G. Strosser of the Pennsylvania State Police charged defendant with three counts of failure to comply with registration of sexual offender requirements.[2] Count One alleges that defendant failed to report an address change within 48 hours with the Pennsylvania State Police, as required by law. Count Two avers that he failed to notify the State Police of new employment within 48 hours. Count Three asserts that defendant failed to advise the State Police of his employment termination within 48 hours.

A preliminary hearing was held before Magisterial District Justice Bruce Roth on August 23, 2007. MDJ Roth concluded that the Commonwealth had established a prima facie case as to the offenses charged and returned the case to the Lancaster County Court of Common Pleas. On September 17, 2007, the above captioned Information was filed against defendant.

On September 19, 2008, defendant filed this motion to dismiss challenging the applicability of 18 Pa.C.S. §4915(a)(1). The Commonwealth filed a timely response. After oral argument by counsel, the court granted defendant 10 days to file an amended motion and brief in support thereof. Upon request of counsel, on October 2, 2008, defendant was granted an additional 20 days within which to obtain additional information from the State of Delaware to be used in his modified motion to dismiss. Defendant's motion and brief were filed on October 20, 2008. A reply was filed by the Commonwealth on October 28, 2008. This matter is now ripe for disposition.

2. 18 Pa.C.S. §4915(a)(1).

## II. DISCUSSION

Defendant is charged with failure of registration of sexual offenders requirement pursuant to 18 Pa.C.S. §4915(a)(1) which states, in pertinent part:

"(a) Offense defined.—An individual who is subject to registration under 42 Pa.C.S. §9795.1(a) . . . or an individual who is subject to registration under 42 Pa.C.S. §9795.1(b)(1), (2) or (3) commits an offense if he knowingly fails to:

"(1) register with the Pennsylvania State Police as required under 42 Pa.C.S. §9795.2 (relating to registration procedures and applicability);

"(2) verify his address or be photographed as required under 42 Pa.C.S. §9796 (relating to verification of residence); or

"(3) provide accurate information when registering under 42 Pa.C.S. §9795.2 or verifying an address under 42 Pa.C.S. §9796." 18 Pa.C.S. §4915(a)(1).

This statute has two basic components. First, an individual must be subject to registration based upon terms set forth in another title and section, 42 Pa.C.S. §9795.1 (specifying only individuals convicted of certain offenses). If the first requirement is met, that the individual is subject to registration as in 42 Pa.C.S. §9795.1(a) or 9795.1(b)(1), (2), or (3), then the next step is to look at subparts 18 Pa.C.S. §4915(a)(1), (2), or (3), to determine if the individual that is subject to registration failed to complete some level of registration required by 18 Pa.C.S. §4915(a)(1), (2), (3).

Defendant contends that this statute cannot apply to him by its written and explicit terms because defendant

is not an "individual who is subject to registration under 42 Pa.C.S. §9795.1(a) ... or an individual who is subject to registration under 42 Pa.C.S. §9795.1(b)(1),(2), or (3)." The Commonwealth concedes that these statutory provisions do not apply to the facts of this case. And, after a thorough review of these specific provisions, it is clear that neither section 9795.1(a) nor section 9795.1(b)(1), (b)(2) or (b)(3) can be the basis for prosecution of this defendant under 18 Pa.C.S. §4915(a). However, that does not conclude our analysis of whether defendant can be charged with violating the verification of residence provisions of Megan's Law.

It is undisputed that defendant is an individual subject to lifetime registration with the Pennsylvania State Police under 42 Pa.C.S. §9795.1(b)(4).[3] Pursuant to section 9795.1(b)(4), lifetime registration is required for

"[i]ndividuals currently residing in this Commonwealth who have been convicted of offenses similar to the crimes cited in [section 9795.1(b)(2)] under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation." 42 Pa.C.S. §9795.1(b)(4).[4]

Defendant's sole argument is that individuals subject to registration under section 9795.1(b)(4) are not included under 18 Pa.C.S. §4915(a)(1) because subsection

3. Defendant and the Commonwealth are stipulating that defendant's previous conviction from Delaware amounts to a sexual assault under Pennsylvania's Crimes Code.

4. An amendment to this statute was approved on October 9, 2008, to also include convictions for offenses similar to crimes "under a former law of this Commonwealth." See Act no. 2008-98 (H.B. 301).

(b)(4) is not specifically listed. In determining whether section 4915(a) includes those criminal defendants subject to registration under section 9795.1(b)(4), we are guided by the Statutory Construction Act of 1972. 1 Pa.C.S. §1921 et seq.

The object of all interpretation and construction of statutes is to ascertain and effectuate legislative intent. 1 Pa.C.S. §1921(a); see also, *Commonwealth v. King,* 595 Pa. 685, 689, 939 A.2d 877, 880 (2007). In pursuing that end, we are mindful that the statute's plain language generally provides the best indication of legislative intent. See *Commonwealth v. Conklin,* 587 Pa. 140, 152, 897 A.2d 1168, 1175 (2006). Since 18 Pa.C.S. §4915(a)(1) is a penal statute, we are required to strictly construe the language contained therein. 1 Pa.C.S. §1928(b)(1); *Commonwealth v. McClintic,* 589 Pa. 465, 472, 909 A.2d 1241, 1245-46 (2006). "However, strict construction does not require that the words of a criminal statute be given their narrowest meaning or that the legislature's evident intent be disregarded." *Commonwealth v. Diakatos,* 708 A.2d 510, 512 (Pa. Super. 1998) (quoting *Commonwealth v. Gordon,* 511 Pa. 481, 487, 515 A.2d 558, 561 (1986)).

Again, it is defendant's contention that individuals subject to registration under 42 Pa.C.S. §9795.1(b)(4) are not included under 18 Pa.C.S. §4915(a)(1) because subsection (b)(4) is not specifically listed. It is the Commonwealth's position that subsection (b)(4) is included because to not include those with a lifetime registration for a crime committed outside the Commonwealth while including those who committed a crime outside the Commonwealth requiring only a 10-year registration would

be an absurd result. The Commonwealth contends that because defendant is subject to a lifetime registration under section 9795.1(b)(4), he is necessarily subject to the lesser 10-year registration under section 9795.1(a)(3). Section 4915(a)(1) includes individuals subject to registration under section 9795.1(a) which includes subsection (a)(3).

This court agrees that defendant's reading of the statute leads to an absurd, unreasonable result. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. §1922(1), states that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." In *Diakatos, supra,* our Superior Court recognized the legal concept that "[w]hen interpreting a statute it is presumed that the legislature did not intend an absurd or unreasonable result. . . . In this regard, '[the court is] permitted to examine the practical consequences of a particular interpretation.'" 708 A.2d at 512. (citations omitted)

In this case, we are presented with an out-of-state sex offender who, according to Pennsylvania statute, is subject to lifetime registration in this Commonwealth. Under defendant's reading of section 4915(a), we would reach the absurd result where, in such a situation, a convicted sex offender from outside the Commonwealth can move into this jurisdiction, refuse to submit himself to the lifetime registration requirements and escape all liability, while those subject to the lesser 10-year registration requirement are subject to prosecution.

Contrary to defendant's assertion, interpreting section 4915(a) to include lifetime registrants identified in section 9795.1(b)(4) does not "violate[] the common law,

constitutional, and statutory rule that a penal statute may not be broadened to achieve a certain outcome or construction." (See defendant's October 20, 2008 motion at 8.) This court's interpretation does not broaden the scope of the statute at issue in this case. Rather, it recognizes that a lifetime registration requirement necessarily subsumes the 10-year registration requirement. A criminal defendant subject to lifetime registration is subject to the lesser 10-year registration and, therefore, is "an individual who is subject to registration under 42 Pa.C.S. §9795.1(a)" pursuant to 18 Pa.C.S. §4915(a)(1).

"Strict construction is a means of assuring fairness to persons subject to the law by requiring penal statutes to give clear and unequivocal warning in language that people generally would understand, as to what actions would expose them to liability for penalties and what the penalties would be." *Commonwealth v. Reaser,* 851 A.2d 144, 149 (Pa. Super. 2004) (quoting *Commonwealth v. Cluck,* 252 Pa. Super. 228, 238, 381 A.2d 472, 477 (1977)). Clearly, defendant knew and understood that if the Megan's Law statute penalized 10-year registrants for failing to register, it would most assuredly penalize lifetime registrants who failed to follow the registration requirements for sexual offenders. There was clear and fair warning to defendant that any failure to register could result in prosecution. For the declared policy of the General Assembly with respect to Megan's Law is "to protect the safety and general welfare of the people of this Commonwealth by providing for registration and community notification regarding sexually violent predators who are about to be released from custody and will live in or near their neighborhood. It

is further declared to be the policy of this Commonwealth to . . . authorize the release of necessary and relevant information about sexually violent predators to members of the general public as a means of assuring public protection . . . ." 42 Pa.C.S. §9791(b). See also, *Commonwealth v. Mullins,* 905 A.2d 1009, 1016-17 (Pa. Super. 2006), *appeal denied,* 594 Pa. 712, 937 A.2d 444 (2007).

This legislative policy flows directly from the following legislative findings of the General Assembly:

"(1) If the public is provided adequate notice and information about sexually violent predators and certain other offenders, the community can develop constructive plans to prepare themselves and their children for the offender's release. This allows communities to meet with law enforcement to prepare and obtain information about the rights and responsibilities of the community and to provide education and counseling to their children.

"(2) These sexually violent predators pose a high risk of engaging in further offenses even after being released from incarceration or commitments and that protection of the public from this type of offender is a paramount governmental interest.

"(3) The penal and mental health components of our justice system are largely hidden from public view and lack of information from either may result in failure of both systems to meet this paramount concern of public safety.

"(4) Overly restrictive confidentiality and liability laws governing the release of information about sexually violent predators have reduced the willingness to release information that could be appropriately released under

the public disclosure laws and have increased risks to public safety.

"(5) Persons found to have committed such an offense have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government.

"(6) Release of information about sexually violent predators to public agencies and the general public will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals." 42 Pa.C.S. §9791(a).

As noted in *Diakatos, supra,* this court is permitted to examine the practical consequences of a particular statutory interpretation. 708 A.2d at 512. The practical consequences of interpreting section 4915 as defendant suggests is to produce the absurd result that individuals convicted in jurisdictions outside the Commonwealth of Pennsylvania subject to *10-year* registration would be included in the criminal statute while those subject to *lifetime* registration would not. Such a consequence is contrary to the legislature's clear intent.[5]

## III. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss must be denied. Accordingly, we enter the following:

---

5. Given our conclusion regarding the intended purpose of this legislation, this court can only conclude that it was a legislative drafting error and not a deliberate omission of section 9795.1(b)(4) from the verification of residence provisions of the Registration of Sexual Offenders statute. Any conclusion to the contrary would be counter to the declared policy and legislative findings of the General Assembly.

## ORDER

And now, December 15, 2008, upon consideration of defendant's motion to dismiss, the Commonwealth's response thereto, and the briefs filed by the parties, it is hereby ordered that said motion is denied.